

1995 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-10-1995

# Smith v SEPTA

Precedential or Non-Precedential:

Docket 94-1634

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1995

Recommended Citation

"Smith v SEPTA" (1995). *1995 Decisions.* Paper 39.
http://digitalcommons.law.villanova.edu/thirdcircuit_1995/39

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1995 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

FOR PUBLICATION


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
───────────

No. 94-1634
───────────

ELIZABETH SMITH

v.

SOUTHEASTERN PENNSYLVANIA TRANSPORTATION AUTHORITY,
Appellant
───────────────────

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
(D.C. Civil No. 91-01409)
───────────────────

Argued:  November 7, 1994
Before:  BECKER, MANSMANN, and ALITO, Circuit Judges

(Opinion Filed: February 10, l995 )

                    LANIER E. WILLIAMS, ESQ. (Argued)
                    Post Office Box 6584
                    Philadelphia, PA 19138

                    Attorney for Appellee

                    ALFRED W. PUTNAM, JR., ESQ. (Argued)
                    Drinker, Biddle & Reath
                    Philadelphia National Bank Building
                    1345 Chestnut Street
                    Philadelphia, PA. 19107-3496

                    NICHOLAS J. STAFFIERI
                    SEPTA Legal Department
                    714 Market Street, 7th Floor
                    Philadelphia, PA 19106-2385

                    Attorneys for Appellant

_____

OPINION OF THE COURT
_____

<u>PER CURIAM</u>:


In this appeal, the Southeastern Pennsylvania Transportation Authority (SEPTA) has asked us to overturn a district court decision reducing an award of costs under Fed. R. Civ. P. 54(d). The district court made this reduction in large measure because of the great disparity between the parties' financial resources. We agree with SEPTA that the district court's reduction was not proper, and we therefore reverse in part.

Elizabeth Smith sued SEPTA under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and 42 U.S.C. § 1983, claiming that SEPTA had fired her because of race and gender. The case was tried before a jury. SEPTA defended on the ground that it had fired Smith because she failed a breathalyzer test that was administered based on reasonable suspicion that she was under the influence of alcohol. The jury returned a verdict for SEPTA, and our court affirmed the district court's judgment.

SEPTA then filed a bill of costs in the district court. SEPTA sought $8,715.12 -- $5,020.40 for court reporter fees and $3,694.72 for photocopying costs. Smith objected, but the clerk of court taxed the full amount that SEPTA had sought. Smith then moved for review by the district court. Smith argued that

certain costs were not taxable, and she also "beseech[ed] the Court, at the very least to reduce the award of costs to the amount of $4.357.56 (which represents 50% of the amount sought by defendant) in order to not punish plaintiff for filing suit and in order to not discourage the filing of civil rights suits." App. 206. After a hearing, the parties stipulated that the correct amount of taxable costs was $6,928.17, and the district court further reduced this amount to $4,618.78. The district court noted that two recent decisions in the district had reduced the costs taxed against the losing party based upon the "disparities" between the parties' "financial resources." Dist. Ct. Op. 2. The court then explained:

> This action warrants a reduction of taxable costs for reasons similar to [those in the two previous cases]. Plaintiff was employed as a cashier before termination by defendant and has limited financial resources; defendant is a large transportation authority with significant financial resources. Plaintiff pursued a legitimate claim in good faith and raised a serious legal issue. . . . Under these circumstances, the court finds that a one-third reduction in defendant's revised requested costs will result in an equitable distribution of costs. Judgment will be awarded in favor of defendant and against plaintiff in the amount of $4,618.78.

District Ct. Op. 3 (footnotes omitted). SEPTA responded by taking the present appeal.

Before the adoption of the Federal Rules of Civil Procedure, "in the absence of a statutory provision otherwise providing, the prevailing party in an action at law was entitled to costs as of right; while in equity the allowance of costs to

either party was subject to the court's discretion."  6 <u>Moore's</u>

<u>Federal Practice</u> ¶ 54.70[3] at 54-321 (2d ed. 1994) (citations

omitted).  Melding these two rules, Rule 54(d) provided a new

standard for use in taxing costs[1] in all cases.  It states in

pertinent part:

> Except when express provision therefor is made either in a statute of the United States or in these rules, <u>costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs</u>; but costs against the United States, its officers, and agencies shall be imposed only to the extent permitted by law.

Fed. R. Civ. P. 54(d) (emphasis added).  Under this rule, a

prevailing party generally is entitled to an award of costs

unless the award would be "inequitable."  <u>Friedman v. Ganassi</u>,

853 F.2d 207, 211 (3d Cir. 1988), <u>cert. denied</u>, 488 U.S. 1042

(1989).

> In describing the limits on a district court's discretion to deny costs to a prevailing party, we have also held that "`the denial of costs to the prevailing party . . . is in the nature of a penalty for some defection on his part in the course of the litigation.'"  <u>ADM Corp. v. Speedmaster Packing Corp.</u>, 525 F.2d 662, 665 (3d Cir. 1975) (quoting <u>Chicago Sugar Co. v. American Sugar Refining Co.</u>, 176 F.2d 1, 11 (7th Cir. 1949), <u>cert. denied</u>, 338 U.S. 948, 70 S.Ct. 486, 94 L.Ed. 584 (1950)).  The <u>Chicago Sugar</u> case provides the following examples of a "defection" that would warrant denying costs to a prevailing party:  "calling unnecessary witnesses, bringing in unnecessary issues or otherwise encumbering the record, or . . . delaying

---

[1].  These "costs" are listed in 28 U.S.C. § 1920.  "They do not include such litigation expenses as attorney's fees and expert witness fees in excess of the standard daily witness fee."  <u>Friedman v. Ganassi</u>, 853 F.2d 207, 209 (3d Cir. 1988), <u>cert. denied</u>, 488 U.S. 1042 (1989).

in raising objection fatal to the plaintiff's case. . . ."

Institutionalized Juveniles v. Secretary of Public Welfare, 758 F.2d 897, 926 (3d Cir. 1985).

Here, the district court reduced the costs taxed in favor of SEPTA based in large part on the disparity in the parties' financial resources, but we hold that this decision exceeded the district court's equitable discretion under Rule 54(d).  We reject the general proposition that it is "inequitable" to tax costs in favor of a prevailing party with substantially greater wealth than the losing party.  Acceptance of this general proposition would mean that large institutions such as SEPTA could be denied costs in most cases even when their unsuccessful adversaries could well afford to pay for them.  In this instance this would be unfair to those who must ultimately bear the burden of SEPTA's costs -- its customers and the taxpayers of the jurisdictions that subsidize it, though the public nature of SEPTA is not the basis for our discussion.  If the losing party can afford to pay, the disparity in the parties' financial resources seems to us to be irrelevant for purposes of Rule 54(d).

If the losing party cannot afford to pay, that party is not automatically exempted from the taxation of costs.  On the contrary, 28 U.S.C. § 1915(e) and cases decided thereunder make clear that costs may be taxed against a party who is permitted to proceed in forma pauperis.  See, e.g., Washington v. Patlis, 916

F.2d 1036, 1039 (5th Cir. 1990); Harris v. Forsyth, 742 F.2d 1277, 1278 (11th Cir. 1984); Flint v. Haynes, 651 F.2d 970, 973 (4th Cir. 1981), cert. denied, 454 U.S. 1151 (1982). While these cases recognize that a district court may consider a losing party's indigency in applying Rule 54(d), the losing party in this case does not claim to be indigent, and the record does not establish that she is unable to pay the full measure of costs.

We therefore hold that neither the disparity between the parties' financial resources nor Smith's financial status provided a basis for reducing the costs sought by SEPTA. Moreover, after considering all of the factors cited by the district court and by Smith, we are convinced that the district court did not properly exercise its discretion in reducing the costs taxed in SEPTA's favor, for none of SEPTA's conduct in this litigation rendered the original fee award inequitable. We will therefore reverse the order of the district court in part and remand for the entry of a judgment taxing costs in SEPTA's favor in the amount of $6,928.17. Costs on appeal will also be taxed in favor of SEPTA.