51 F.3d 1470
 1995-1 Trade Cases P 70,950, 32 Fed.R.Serv.3d 292,
95 Daily Journal D.A.R. 8686
 NATIONAL INFORMATION SERVICES, INC., an Oregon corporation,
Plaintiff-Appellee,
v.
TRW, INC., an Ohio corporation, Defendant,
and
Credit Bureau Reports, Inc., a Delaware corporation,
Defendant-Appellant.
NATIONAL INFORMATION SERVICES, INC., an Oregon corporation;
Credit Data of Illinois, Inc., an Illinois corporation;
Informative Research, Inc., a California corporation; CDB
Infotek, a California corporation, Plaintiffs-Appellees,
v.
TRW, INC., an Ohio corporation; Credit Bureau Reports,
Inc., a Delaware corporation, Defendants-Appellants.
 Nos. 92-36886, 92-36915.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 13, 1994.
Decided April 11, 1995.
As Amended on Denial of Rehearing and
Rehearing En Banc June 30, 1995.
 
 Robert Hayden Burns, Butler & Binion, Houston, TX, for defendant-appellant Credit Bureau Reports, Inc.
 Thomas Demitrack and Robert H. Rawson, Jr., Jones, Day, Reavis & Pogue, Cleveland, OH, for defendant-appellant TRW, Inc.
 Stephen F. Crew, O'Donnell, Ramis, Crew & Corrigan, Portland, OR, Eugene Crew, Townsend and Townsend Khourie and Crew, San Francisco, CA, for plaintiffs-appellees.
 Appeals from the United States District Court for the District of Oregon.
 Before: SKOPIL, NORRIS and HALL, Circuit Judges.
 CYNTHIA HOLCOMB HALL, Circuit Judge:
 
 
 1
 This case raises the question of when a district court may deny costs to a prevailing party. See Fed.R.Civ.P. 54(d)(1). The district court denied costs to the prevailing defendants on the ground that the plaintiffs brought their case in good faith and without vexatious purpose. We conclude that the district court abused its discretion.
 
 I.
 
 2
 This case began when plaintiffs National Information Services, Inc., Credit Data of Illinois, Inc., Informative Research, Inc., and CDB Infotek (collectively, "Plaintiffs") filed a federal antitrust action against defendants TRW, Inc. and Credit Bureau Reports, Inc. (collectively, "Defendants"). The complaint alleged a series of federal and state antitrust violations. It also included a number of business tort claims under California and Oregon law.
 
 
 3
 After extensive discovery, briefing, and oral argument, the district court granted Defendants' motion for summary judgment in its entirety. Plaintiffs then further supplemented the record and filed a motion for reconsideration. After full briefing and another round of oral argument, the district court denied the motion to reconsider and entered summary judgment for Defendants.[1]
 
 
 4
 As prevailing parties, both defendants timely submitted separate bills of costs to the district court. Plaintiffs objected but did not challenge any specific item claimed in the cost memoranda. Instead, Plaintiffs relied on the district court's equitable discretion under Rule 54(d)(1) and asked that each side be ordered to bear its own costs. In support of their request, Plaintiffs argued that their case raised "important and intricate" legal questions and included claims that were "not meritless." Plaintiffs' Memorandum of Points and Authorities in Opposition to Defendants' Bill of Costs at 2.
 
 
 5
 The district court agreed. It denied Defendants' bills of costs, reasoning that:
 
 
 6
 Plaintiffs' antitrust action has merit. Although I granted Defendants' motion for summary judgment, I did not do so lightly. I took Plaintiffs' motion to reconsider seriously. Under these facts, I deny Defendants' bills of costs.
 
 
 7
 Order of October 15, 1992 (denying costs). Defendants appealed. We have jurisdiction under 28 U.S.C. Sec. 1291 and now reverse.
 
 II.
 
 8
 Rule 54(d)(1) provides, in pertinent part, that "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs." Fed.R.Civ.P. 54(d)(1). We long have held that the decision to award costs ordinarily resides in the district court. We will not disturb that decision unless the court has abused its discretion. See, e.g., Trans Container Servs. v. Security Forwarders, Inc., 752 F.2d 483, 488 (9th Cir.1985).
 
 
 9
 The district court based its decision to deny costs on its conclusion that Plaintiffs' case had "merit." Order of October 15, 1992 (denying costs). We understand this finding of "merit" as a statement that even though Plaintiffs' claim ultimately proved groundless, they brought their case in good faith and without vexatious purpose. As we explain below, this is not a sufficient reason to justify the denial of costs to a prevailing party.
 
 
 10
 We agree with our sister circuits that Rule 54(d)(1) creates a presumption in favor of awarding costs to the prevailing party. See Klein v. Grynberg, 44 F.3d 1497, 1506 (10th Cir.1995); Congregation of the Passion v. Touche, Ross & Co., 854 F.2d 219, 222 (7th Cir.1988). This presumption is supported by the explicit language of Rule 54(d)(1), which makes the award of costs to a prevailing party automatic in the absence of an express direction to the contrary by the district court. See Fed.R.Civ.P. 54(d)(1) (providing that costs "shall be allowed as of course ... unless the court otherwise directs"); see also Chicago College of Osteopathic Medicine v. George A. Fuller Co., 801 F.2d 908, 910 (7th Cir.1986); Subscription Television, Inc. v. Southern Cal. Theatre Owners Ass'n, 576 F.2d 230, 234 (9th Cir.1978).
 
 
 11
 The unsuccessful litigant can overcome this presumption by pointing to some impropriety on the part of the prevailing party that would justify a denial of costs. See Delta Air Lines, Inc. v. Colbert, 692 F.2d 489, 490 (7th Cir.1982); Popeil Bros., Inc. v. Schick Electric, Inc., 516 F.2d 772, 775-76 (7th Cir.1975). The loser bears this burden because the denial of costs is by nature a penalty. See Smith v. Southeastern Penn. Transp. Auth., 47 F.3d 97, 99-100 (3d Cir.1995) (per curiam); Serna v. Manzano, 616 F.2d 1165, 1167 (10th Cir.1980). A district court therefore generally must award costs unless the prevailing party is guilty of some fault, misconduct, or default worthy of punishment. See Delta Air Lines, 692 F.2d at 490.
 
 
 12
 "Nothing in National Organization for Women v. Bank of California, 680 F.2d 1291 (9th Cir.1982), is to the contrary. Our decision in Bank of California addressed one very narrow question: whether the Christianburg standard for attorney's fees ought to apply to cost awards in Title VII litigation. See Christianburg Garment Co. v. E.E.O.C., 434 U.S. 412, 417, 98 S.Ct. 694, 698, 54 L.Ed.2d 648 (1978) (holding that unsuccessful Title VII plaintiffs need not pay their opponent's attorney's fees unless their action was "frivolous, unreasonable, or without foundation"). In Bank of California, we refused to extend Christianburg to cost awards, concluding that there was no statutory authority to do so. 680 F.2d at 1294 (affirming order taxing costs against unsuccessful Title VII plaintiffs). We also remarked that we could think of "no reason to impose rigid limitations on the district court's discretion [to award costs in Title VII litigation]." Id. That language, however, does not forestall the rule we today adopt because we have not imposed "rigid limitations" on the district court's discretion to award costs. The only "limit" we set today is the rule that a district court cannot punish a party by denying costs unless the party has done something to deserve it. Because we doubt that a district court ever had the "discretion" to punish someone without reason, we do not think that we have imposed any limits on the district court's discretion under Rule 54(d)(1) that did not already at least implicitly exist."
 
 
 13
 "Properly understood, then, our decision does not divest the district court of any discretion it legitimately enjoys under Rule 54(d)(1). Our holding is a natural implication of the long-standing rule that a district court may not deny costs to a prevailing party without reason. See, e.g., Subscription Television, 576 F.2d 234 (district court must state its reasons for denying costs). On the question of what constitutes a good reason to deny costs, other circuits have suggested that a denial may be appropriate when the prevailing party has "call[ed] unnecessary witness, [raised] unnecessary issues or otherwise encumber[ed] the record, or ... [has] delay[ed] in raising an objection fatal to the plaintiff's case." See, e.g., Smith, 47 F.3d at 99 (quoting Chicago Sugar Co. v. American Sugar Refining Co., 176 F.2d 1, 11 (7th Cir.1950)). We express no view on the merits of these other cases, concluding that the details are best left to the district courts to work out on a case-by-case basis."
 
 
 14
 We do, however, hold that there is no impropriety on the part of the defendants in this case that would justify denying them their due costs under Rule 54(d)(1). We specifically reject Plaintiffs' argument that their good faith in prosecuting the underlying antitrust action should defeat the presumption in favor of awarding costs. All parties to a federal action have an obligation to act in good faith and with proper purpose. See, e.g., Fed.R.Civ.P. 11; Model Rules of Professional Conduct Rule 3.1 (1994). It follows that noble intentions alone do not relieve an unsuccessful litigant of the obligation under Rule 54(d) to compensate his opponent for reasonable costs. "If the awarding of costs could be thwarted every time the unsuccessful party is a normal, average party and not a knave, Rule 54(d)(1) would have little substance remaining." Popeil Bros., 516 F.2d at 776. We therefore hold that the district court abused its discretion when it refused to award costs on the ground that Plaintiffs brought their case in good faith and with meritorious intentions when in fact they brought a case so devoid of merit that they were twice rejected by the district court on summary judgment and flatly rejected by this Court in a one-sentence order.
 
 
 15
 Plaintiffs offer an alternative basis on which to let the district court order stand. They ask us to affirm the denial of costs on the ground that their antitrust action raised "close and difficult" legal issues. We decline the invitation. As an initial matter, we hardly think that the underlying antitrust action qualifies as a particularly close or difficult case. More importantly, even if it did, we hold that "difficulty" alone does not justify penalizing the prevailing parties. Cf. Klein v. Grynberg, 44 F.3d at 1507 ("We find no justification to penalize [the prevailing party] because this litigation was complex or lengthy."). But see White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 733 (6th Cir.1986) (holding that length and difficulty of a case may be a factor in the decision to deny costs). As we explained, the district court generally must award costs unless equity demands otherwise due to some impropriety on the part of the prevailing party during the course of the litigation. See Smith, 47 F.3d at 99-100, (citing ADM Corp. v. Speedmaster Packaging Corp., 525 F.2d 662, 665 (3d Cir.1975), and Chicago Sugar Co. v. American Sugar Refining Co., 176 F.2d 1, 11 (7th Cir.1949), cert. denied, 338 U.S. 948, 70 S.Ct. 486, 94 L.Ed. 584 (1950)). Generally speaking, neither side bears responsibility for the length or complexity of a particular case. Moreover, the difficulty of a case hardly constitutes an impropriety that calls out for punishment. This case is REVERSED and REMANDED with instructions to tax costs in favor of defendants TRW, Inc. and Credit Bureau Reports, Inc.
 
 
 16
 Before: SKOPIL, NORRIS, and HALL, Circuit Judges.
 
 ORDER AMENDING OPINION
 June 30, 1995
 
 17
 The opinion filed April 11, 1995, slip op. 4075, and appearing at 51 F.3d 1470 (9th Cir.1995), is amended as follows:
 
 
 18
 With these amendments, the panel has voted unanimously to deny the petition for rehearing.
 
 
 19
 The full court has been advised of the suggestion for rehearing en banc and no active judge has requested a vote on whether to rehear the matter en banc. Fed.R.App.P. 35.
 
 
 20
 The petition for rehearing is DENIED and the suggestion for rehearing en banc is REJECTED.
 
 
 
 [1]
 Plaintiffs took an appeal to this Court. See National Info. Servs., Inc. v. TRW, Inc., No. 92-36780, 52 F.3d 334 (9th Cir.1995). In an unpublished order filed today, we affirmed the district court