John GREENE, et al., Plaintiffs,

v.

FRATERNAL ORDER OF POLICE, et al., Defendants.

No. Civ.A. 97–7481.

United States District Court,
E.D. Pennsylvania,
Philadelphia Division.

Dec. 21, 1998.

---

Faye Riva Cohen, Cohen and Cohen Associates, Philadelphia, PA, for plaintiffs.

Gary M. Lightman, Harrisburg, PA, James L. Mc Aneny, Law Offices of·Gary M. Light-man, Harrisburg, PA, Matthew E. Forbes, Lightman and Welby, Harrisburg, PA, for defendants.

## MEMORANDUM & ORDER

KATZ, District Judge.

Plaintiffs John Greene and Kevin Lewis brought a suit under section 1983 against the Fraternal Order of Police. On July 31, 1998, a final judgment in favor of the defendants was entered following a jury verdict. The defendants filed a bill of costs on September 24, 1998, and plaintiffs filed objections to that bill on November 24, 1998. Following a telephone conference in which all parties participated, the clerk of the court awarded costs in the amount of $8,487.46. The plaintiffs now appeal to this court from that award. The plaintiffs argue that this court should either exercise its discretion and overturn the award as inequitable or deny specific costs awarded by the clerk.

*Standards*

■ The taxation of costs by the clerk of the court is subject to *de novo* review by this court. *See Ezold v. Wolf, Block, Schorr & Solis–Cohen,* 157 F.R.D. 13, 15 (E.D.Pa. 1994); *Krouse v. American Sterilizer Co.,* 928 F.Supp. 543, 545 (W.D.Pa.1996). In reviewing the bill of costs, the court applies the standards set forth in Rule 54(d): "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs...." Six categories of costs are specifically enumerated as taxable in 28 U.S.C. § 1920.[1]

■ As the language of Rule 54 indicates, prevailing parties are presumptively entitled to costs. *See Delta Air Lines, Inc. v. August,* 450 U.S. 346, 352, 101 S.Ct. 1146,

---

1. A judge or clerk of any court of the United States may tax as costs the following:
   (1) Fees of the clerk and marshal;
   (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
   (3) Fees and disbursements for printing and witnesses;
   (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;
   (5) Docket fees under section 1923 of this title;
   (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.
28 U.S.C. § 1920.

67 L.Ed.2d 287 (1981); *Ezold,* 157 F.R.D. at 15. Nonetheless, the district court retains discretion in determining whether and to what extent it should award costs to a prevailing defendant. "The particular circumstances of a case may permit a district court to refuse to award costs altogether or to apportion them between the parties." *Croker v. Boeing Co.,* 662 F.2d 975, 998 (3d Cir. 1981); *see also Farmer v. Arabian Amer. Oil Co.,* 379 U.S. 227, 233–34, 85 S.Ct. 411, 13 L.Ed.2d 248 (1964) (emphasizing court's discretion in determining amount of costs to be awarded pursuant to Rule 54). If a district court determines that a prevailing party is not entitled to costs, it must articulate the reasons for that decision. *See Institutionalized Juveniles v. Secretary of Pub. Welfare,* 758 F.2d 897, 926 (3d Cir.1985).

*Equitable Considerations*

Plaintiffs first argue that the bill of costs should be overturned as inequitable. The plaintiffs make three arguments in support of this position. First, they argue that they were partially successful. Second, they argue that because their claim was not frivolous, they should not be made to pay costs. Third, they maintain that it would be difficult or impossible for them to pay the costs assessed. *See* Plfs.' Mot. at 6. Although the defendants' response does not address any of these arguments, the court finds that these claims are insufficient to deny costs to the defendants.

█ Initially, plaintiffs' claim that they had "limited success" is unpersuasive given that the jury verdict before this court was unconditionally in favor of the defendants. *See* Docket Nos. 42 (jury verdict against plaintiffs); 44 (order of judgment against plaintiffs).

█ Second, the mere fact that plaintiffs' claim was not frivolous does not mean that they should be relieved of the burden of paying costs. The Rule 54 standard does not equate costs with a penalty for bringing an unmeritorious action; rather, the Third Circuit has ruled that for a district court to *deny* costs to a prevailing party is in the nature of a penalty. *See Institutionalized Juveniles v. Secretary of Pub. Welfare,* 758 F.2d 897, 926 (3d Cir.1985). Costs are assessed against losing parties bringing such socially useful actions as qui tam suits and civil rights suits. *See, e.g., United States v. Osteopathic Med. Ctr.,* Civ.A. No. 88–9753, 1998 WL 199663 (E.D.Pa. Apr. 24, 1998).

█ The court is thus left with plaintiffs' claims regarding inequity based on ability to pay. The Third Circuit has ruled that this factor, taken alone, cannot justify excusing a party from its obligation to pay costs. *See Smith v. SEPTA,* 47 F.3d 97 (3d Cir. 1995). While the *Smith* court noted that a prevailing party would not be entitled to costs if the award would be inequitable, *see id.* at 99, *quoting Friedman v. Ganassi,* 853 F.2d 207, 211 (3d Cir.1988), a district court is constrained in what it may consider in making its equitable judgment. *Smith* held that a court could not base a decision not to award costs solely on a disparity in wealth:

> We reject the general proposition that it is 'inequitable' to tax costs in favor of a prevailing party with substantially greater wealth than the losing party. Acceptance of this general proposition would mean that large institutions such as SEPTA could be denied costs in most cases even when their unsuccessful adversaries could well afford to pay for them.

*Id.* Even a losing party that is unable to pay is not "automatically exempted" from costs—even parties proceeding in forma pauperis may be taxed costs. *See id.* at 100. Only if the record itself demonstrates a party's actual inability to pay may a court decrease costs on this basis. *See id.*[2]

2. The plaintiffs attempt to minimize the importance of the *Smith* holding and rely instead upon *Braxton v. United Parcel Service, Inc.,* 148 F.R.D. 527 (E.D.Pa.1993), which held that it would be inequitable to tax costs in a situation in which an individual of modest means who brought a good faith claim ultimately lost to his large, wealthy adversary. *See id.* at 528. However, as the clerk's opinion acknowledged, *Braxton* is no longer good law to the extent that it conflicts with the later Third Circuit opinion in *Smith.* *See, e.g., Brightful v. Township of Haverford,* Civ.A. No. 93–2272, 1996 WL 36906, *3 n. 5 (E.D.Pa. Jan. 29, 1996). The plaintiff tries to distinguish *Smith 's* holding by stressing possible differences between the plaintiffs (e.g., the plain-

█ In this case, while plaintiffs have asserted that it would be difficult or perhaps impossible for them to pay the costs they have been assessed, no record has been established that would permit the court to conclude that these unsuccessful plaintiffs should be relieved of their duty to pay costs. The only information this court has regarding the plaintiffs' ability to pay are counsel's unsubstantiated statement that Mr. Greene and Mr. Lewis do not have the resources to meet this burden. *See* Plfs.' Mot. at 6. This is insufficient to overcome the strong presumption that the losing party must pay costs. *See, e.g., Briscoe v. City of Philadelphia,* Civ.A. No. 95–1852, 1998 WL 52064, *2 (E.D.Pa. Jan. 28, 1998) (acknowledging that court may consider indigency but refusing to do so because plaintiff provided *no documentation* besides allegations in her motion); *McGuigan v. CAE Link Corp.,* 155 F.R.D. 31, 35 (N.D.N.Y.1994) (refusing to reduce costs because plaintiff did not adequately document inability to pay).

█ Plaintiffs also suggest that the costs are duplicative or non-conforming with the defendants' previously denied request for costs and attorneys' fees. Initially, the court notes that motions for attorneys' fees and costs are not analogous to those requested under 28 U.S.C. § 1920. *See Croker v. Boeing Co.,* 662 F.2d 975, 983 (3d Cir.1981). Additionally, the plaintiffs have not explained which items are duplicative or how this would rise to a justification for denying all costs. The plaintiffs do not allege bad faith on the part of the defendants, and the bare allegation that costs may be duplicative does not constitute a "defection" under *Smith* and *Friedman* sufficient to deny an award of costs based upon equitable considerations. The court will address specific claims regarding duplication and excessiveness in the following discussion of particular items.

tiff in *Smith* failed a breathalyzer test at work) and defendants (public versus private). These distinctions are unavailing, however, given the clear language of *Smith*.

3. Plaintiffs also make numerous additional claims in the motion itself. None of these arguments are briefed or substantiated in any way;

## Specific Items

█ The plaintiffs appear to make the following specific objections to the clerk's bill of costs:[3]

1) The defendants' claimed travel fares are undocumented and excessive;

2) The defendants' hotel charges are excessive because they included days in which the two witnesses were not called to testify;

3) Some meal costs may be duplicative with those rejected in a motion for attorneys' fees.

The court will address each of these points in turn.

## Travel Costs

█ Travel costs are governed by 28 U.S.C. § 1821(c)(1), which provides that witnesses shall be paid for actual expenses of transportation. However, "a witness shall utilize a common carrier at the most economical rate reasonably available. A receipt or other evidence of actual cost shall be furnished." *Id.* Case law interpreting this statute has permitted a defendant claiming such costs to provide either a receipt or an affidavit stating that the expenses were actually incurred and were necessary to the successful defense of the suit. *See In re Kulicke & Soffa Indus. Secs. Litigation,* 747 F.Supp. 1136, 1147 (E.D.Pa.1990) (requiring party claiming travel expense to provide an amended bill of costs and an affidavit in support thereof); *see also Holmes v. Cessna Aircraft Co.,* 11 F.3d 63, 65 (5th Cir.1994) (holding that sworn affidavit and itemized list provided sufficient documentation of travel expenses). Ordinarily, first class fares are not the most economically reasonable and may be disallowed. *See, e.g., Hemmerick v. Chrysler Corp.,* 769 F.Supp. 525, 531 (S.D.N.Y.1991).

indeed, they are not mentioned again in the memorandum supporting the motion. The court declines to deny costs on any of these bases: an unsuccessful plaintiff may not overcome the presumption that it shall pay costs by simply listing a series of undocumented allegations regarding the impropriety of costs assessed.

■ The travel costs of Gilbert Gallegos and Bernie Teodorski are at issue. According to the bill of costs submitted by the defendant, Mr. Gallegos, who traveled from Albuquerque, New Mexico, incurred airfare costs of $1,902, and Mr. Teodorski, who traveled from Lake City, Pennsylvania, incurred airfare of $1,066.[4] *See* Defs'. App. B. The plaintiffs suggest that these fares are excessive, and defendants' only response is to state, without verification, that these costs are "reasonable" given the circumstances. These costs do seem high, and defendants' response does not provide any means for the court to assess the reasonability of the fares. Defendants will provide this court with further explanation why these fares were the most "economical rate reasonably available," or these costs will be disallowed.

■ The plaintiffs also argue that travel costs are inappropriate because the witnesses in question (Gallegos and Teodorski) were "scheduled to appear as parties and witnesses for the defense." Plfs.' Mot. at 8. Case law does suggest that it is inappropriate to tax losing plaintiffs costs incurred by the parties. *See Hodge v. Seiler*, 558 F.2d 284, 287 (5th Cir.1977) (stating that party costs are not taxable); *see also Haroco v. American Nat'l Bank & Trust of Chicago*, 38 F.3d 1429, 1442 (7th Cir.1994) (refusing to permit fees pursuant to § 1920, stating that "[t]he general rule . . . is that 'parties may not normally collect witness fees' "). However, plaintiffs' argument is untenable because neither Mr. Gallegos nor Mr. Teodorski, the witnesses to whom plaintiffs apparently refer, were named parties: the only defendants in the lawsuit were the Fraternal Order of Police, First Federal Lodge in Philadelphia, and the Grand Lodge, Fraternal Order of Police, in Albuquerque, New Mexico. While witnesses may have been associated with the defendant, it is not proper to term these individuals "parties," and their costs are appropriately taxed.

■ Finally, the plaintiffs argue that the defendants did not "differentiate between the days the witnesses testified at Plaintiffs' request, and days they chose to remain at trial after they had testified." Plfs.' Mot. at 9. However, costs are properly taxed when there is a good faith expectation that witnesses might be called and had to be made available for that eventuality. *See Haroco*, 38 F.3d at 1442 (noting that fees for witnesses who were subpoenaed but not deposed were properly paid because "the witness fees compensated the witnesses for their availability and readiness to testify rather than actual testimony"); *see also Marino v. Town of Kirkland*, 146 F.R.D. 49, 51 (N.D.N.Y.1993) (taxing witness costs for witnesses who appeared but did not testify because they "traveled to the federal court fully expecting to testify"). There is no indication that the witnesses in this case did not have such an expectation. Assuming the defendants demonstrate the appropriateness of the travel expenses as ordered, there is no impropriety in these costs.

*Hotel Costs*

Plaintiffs argue that it was inappropriate for the clerk to award hotel costs for days in which Mr. Gallegos and Mr. Teodorski might not have testified. Again, costs are properly taxed when there is a good faith expectation that witnesses might be called. For the same reasons that the travel awards are conditionally approved upon a showing of reasonable fares, the hotel expenses are also approved.

*Duplicative Costs*

Plaintiffs argue that the $180.44 and $106.00 respectively sought for meals of Mr. Gallegos and Mr. Peacock are inappropriate because the individuals were party defendants who testified two days each at plaintiffs' request. *See* Plfs.' Mot. at 9. As noted previously, neither of these individuals were named defendants in the suit.

---

4. Plaintiff's motion states that Mr. Gallegos' airfare was $1,306.00 and that Mr. Teodorski's airfare was $1,000.79. *See* Plfs.' Mot. at 7–8. According to the defendants' bill of costs, these amounts are actually the total travel costs for Mr.

Teodorski and Mr. Peacock. Because Mr. Peacock's airfare was only $306.00, the court assumes that plaintiffs actually intend to challenge the fares of Mr. Teodorski and Mr. Gallegos.

Finally, plaintiffs suggest that the bill of costs may duplicate items requested in a rejected motion for attorneys' fees; specifically, the plaintiffs point to reimbursement requests for June 15, June 17, June 19, and July 28. *See* Plfs.' Mot. at 10. The court is unable to discern any basis for this suggestion.