NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-4329
_____

M. G.,
                    Appellant

v.

EASTERN REGIONAL HIGH SCHOOL DISTRICT


_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 08-cv-04019)
District Judge: Honorable Robert B. Kugler


_____

Submitted Under Third Circuit LAR 34.1(a)
July 1, 2010

Before: SLOVITER, BARRY and HARDIMAN, *Circuit Judges*.

(Filed: July 14, 2010)


_____

OPINION OF THE COURT
_____

HARDIMAN, *Circuit Judge*.

M.G. appeals from the District Court's order denying his petition for attorney's fees and costs under the Rehabilitation Act of 1973 because it was grossly excessive. Although we largely agree with its assessment of the fee petition, the District Court erred by failing to hold a hearing to determine the reasonableness of the hourly rate claimed by M.G.'s attorney. Accordingly, we will vacate and remand for further proceedings.

I.

Because we write solely for the parties, we recount only the essential facts.

In 2008, M.G.'s parents commenced a state administrative proceeding against Eastern Regional High School District (Eastern), claiming various violations of the Rehabilitation Act of 1973 (Rehabilitation Act), 29 U.S.C. § 701 *et seq*. The parties settled their dispute within a matter of weeks, resulting in a consent decree requiring Eastern to implement various remedial measures regarding M.G.'s education.

After prevailing in the administrative action, M.G. brought this suit seeking attorney's fees and costs under the Rehabilitation Act's fee-shifting provision. *See id*. § 794a(b). M.G. moved for summary judgment, requesting $28,498 in attorney's fees and $582 in costs. Eastern did not respond to M.G.'s motion. M.G. then filed a supplemental brief, for which his attorney, Jamie Epstein, requested an additional $480 in fees, bringing the total amount requested to $29,560, inclusive of costs.

The District Court denied M.G.'s fee request outright. Relying primarily on precedents from other courts of appeals, the District Court held it had discretion to deny all attorney's fees under the Rehabilitation Act "where the fee requested is so grossly exaggerated or absurd that the request shocks the conscience of the court." *M.G. v. E. Reg'l High Sch. Dist.*, No. 08-4019, 2009 WL 3489358 at *4 (D.N.J. Oct. 21, 2009) (internal citations and quotation marks omitted). The District Court then reviewed recent cases in which similar fee requests filed by Epstein had been substantially reduced. *See, e.g.*, *L.J. v. Audubon Bd. of Educ.*, No. 06-5350, 2009 WL 995458 (D.N.J. Apr. 13, 2009); *P.N. v. Clementon Bd. of Educ.*, No. 02-1351, 2007 WL 1186552 (D.N.J. Apr. 20, 2007). To the District Court, these cases demonstrated that Epstein "has a history of grossly overstating his fees, and treats his fee application as an opening offer rather than a carefully calculated and honest fee request." *M.G.*, 2009 WL 3489358 at *6.

Turning to Epstein's fee request in this case, the District Court first questioned his requested hourly rate of $400, which had been rejected by the court in *L.J.*, 2009 WL 995458 at *11-*12. After finding deficient the affidavits provided by Epstein in support of his requested hourly rate, the District Court explained that Epstein's filings were so "rife with procedural and legal errors" that a $400 hourly rate could not be justified. *M.G.*, 2009 WL 3489358 at *8. Accordingly, the Court reduced Epstein's hourly rate to $250. The District Court denied Epstein the opportunity to prove the reasonableness of

3

his rate at a hearing because it found the fee "request [to be] so otherwise procedurally and factually deficient . . . that [a hearing] would be a waste of time." *Id*. at \*8 n.9.

The District Court also questioned Epstein's billing practices. Although Epstein claimed to have raised his rate from $300 to $400 per hour on January 1, 2008, he billed all his time in this matter—including twelve entries from 2007—at the higher 2008 rates. Noting that Epstein had been admonished for identical conduct in *L.J.*, *see* 2009 WL 995458 at \*10 n.11, the District Court noted that this practice could have been sanctionable under Rule 11 of the Federal Rules of Civil Procedure.

The District Court next reviewed the hours Epstein purportedly devoted to litigating M.G.'s case. After excluding several hours of clerical tasks that Epstein had improperly billed at $400 per hour, the Court denied Epstein credit for almost 10 hours he had supposedly spent composing a brief that was "nearly identical" to the one he had previously filed in *L.J. M.G.* 2009 WL 3489358 at \*10. The District Court also highlighted 11.5 hours Epstein had billed in anticipation of responding to Eastern's opposition to M.G.'s motion for summary judgment—an opposition that was never filed. Despite Eastern's failure to respond to M.G.'s summary judgment motion, Epstein—either through fraud or gross neglect—failed to amend his fee petition to exclude these anticipated hours. Epstein also requested an additional $480 in fees for filing a supplemental brief.

After substantially reducing Epstein's hourly rate and excluding almost 20 hours as improperly billed, the District Court calculated the lodestar as $13,982, less than half of the $29,560 Epstein had requested originally. To the District Court, this considerable reduction demonstrated that Epstein's original fee petition was outrageously excessive. Accordingly, the District Court denied M.G.'s fee petition entirely, finding that "Epstein's request [was] so shockingly high and riddled with factual and procedural errors that it . . . shock[ed] the conscience of the Court." *M.G.*, 2009 WL 3489358 at *11.

## II.

M.G. appeals the District Court's order denying his motion for summary judgment, refusing to award him both attorney's fees and costs, and dismissing his suit.[1] Although we review the reasonableness of the District Court's refusal to award attorney's fees and costs for abuse of discretion, whether the District Court applied the correct standards and procedures is a question of law subject to plenary review. *Rode v. Dellarciprete*, 892 F.2d 1177, 1182 (3d Cir. 1990) (citations omitted).

Under the Rehabilitation Act, district courts have the "discretion . . . [to] allow the prevailing party . . . a reasonable attorney's fee as part of the costs." 29 U.S.C. § 794a(b). M.G. contends the District Court abused this discretion by denying his request for

---

[1] The District Court had jurisdiction under 28 U.S.C. § 1331, and we exercise jurisdiction pursuant to 28 U.S.C. § 1291. Eastern has filed nothing in response to M.G.'s appeal.

5

attorney's fees outright. Because the District Court committed two procedural errors

when evaluating M.G.'s fee petition, we agree.

Several courts have held that 42 U.S.C. § 1988(b)—which contains fee-shifting

language identical to that of § 794a(b)—authorizes a district court to "deny a request for

attorneys' fees in its entirety when the request . . . is so outrageously excessive it shocks

the conscience of the court." *Fair Hous. Council of Greater Wash. v. Landow*, 999 F.2d

92, 96 (4th Cir. 1993) (citation and internal quotation marks omitted); *see also Lewis v.*

*Kendrick*, 944 F.2d 949, 958 (1st Cir. 1991); *Brown v. Stackler*, 612 F.2d 1057, 1059 (7th

Cir. 1980).[2] After finding Epstein's fee petition to be outrageously excessive, the District

Court relied on these cases to deny M.G. any fees whatsoever.

We agree that the fee petition submitted by Epstein was seriously deficient. As the

District Court thoroughly explained, the quality of Epstein's representation in this case

was woeful.[3] Furthermore, the hours Epstein billed were not only excessive, but also

---

[2] Although we applied this rule in *Hall v. Borough of Roselle*, 747 F.2d 838 (3d
Cir. 1984), we had no occasion to adopt it formally because the fee petition at issue was
not sufficiently egregious to warrant a complete denial of attorney's fees, *id* at 841-42.

[3] Observing that Eastern did not oppose his motion for summary judgment, M.G.
contends that the District Court erred by *sua sponte* reducing his fee request. We have
held that a district court may not reduce a fee petition on its own initiative in the absence
of specific objections from an adverse party. *See Bell v. United Princeton Prop., Inc.*,
884 F.2d 713, 718-79 (3d Cir. 1989). Notwithstanding this general rule, a district court
may *sua sponte* "reduce requested fees with respect to matters within the judge's personal
knowledge . . . ." *Id.* at 719. Here, the District Court was familiar with the exceptionally
poor quality of Epstein's legal work. The District Court also had personal knowledge that
the 10.5 hours Epstein billed for responding to Eastern's non-existent opposition were
improper. Because the egregiousness of this conduct alone could plausibly justify the

either grossly negligent or fraudulent.[4] Ultimately, the District Court was forced to trim over one quarter of the hours Epstein submitted.

Nevertheless, as noted above, the District Court committed two procedural errors when evaluating Epstein's fee request. First, the Court refused to hold a hearing regarding the reasonableness of Epstein's hourly rate. We have held that "[i]f reasonable market rates are in dispute, a hearing *must* be conducted." *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001) (emphasis added) (citing *Smith v. Phila. Hous. Auth.*, 107 F.3d 223, 225 (3d Cir. 1997)). Next, the District Court faulted Epstein for billing several hours of work completed in 2007 at his higher 2008 rates. Yet we have made clear that "[w]hen attorney's fees are awarded, the current market rate must be used. The current market

---

outright denial of attorney's fees, any error by the District Court in raising other *sua sponte* objections was harmless. *See also McKenna v. City of Phila.*, 582 F.3d 447, 459 n. 13 (3d Cir. 2009) ("[I]t should not be overlooked that the awarding of an attorney's fee is a judicial action and, regardless of the parties' indifference to it, a court need not lend its imprimatur to an inappropriate order merely because there was no objection to its entry.").

[4] M.G. claims the District Court erred by sanctioning Epstein without first providing him with notice and a reasonable opportunity to respond. *See* Fed. R. Civ. P. 11(c)(1). But the District Court did not impose Rule 11 sanctions on Epstein. Rather, the Court explained that some of Epstein's conduct rose "to the level of a Rule 11 violation" only to support its complete denial of attorney's fees. *See M.G.*, 2009 WL 3489358 at *9-*10 ("Mr. Epstein's conduct thus rises to the level of sanctionable conduct under Rule 11. However, given that the Court is otherwise denying his requested fees, such sanctions are unwarranted at this time. Nevertheless, the Rule 11 breach does further illuminate the sheer egregiousness of Mr. Epstein's fee request."). Because no Rule 11 sanctions were imposed, the Court was not required to give Epstein notice or an opportunity to respond.

rate is the rate at the time of the fee petition, not the rate at the time the services were performed." *Id*. (internal citations omitted).

These errors amount to an abuse of discretion and require remand so that the District Court may reevaluate Epstein's fee petition after a hearing on the reasonable market rate for his services and without considering the 2007 work he billed at 2008 rates. We do not suggest that a different result is necessarily required on remand. The Rehabilitation Act's fee-shifting provision entitles a prevailing party's attorney to a reasonable fee, not a windfall. Considered together, the inaccuracies and exaggerations that plague Epstein's fee request seem consistent with the District Court's finding that his submission constituted an improper attempt to maximize his fee award, as opposed to a good-faith representation of his billing rate and the hours he reasonably expended obtaining relief for M.G. If, after following the proper procedures, the Court remains convinced that Epstein's hourly rate and hours billed are outrageously excessive, it retains the discretion to award whatever fee it deems appropriate, including no fee at all.[5]

---

[5] Because we conclude that the District Court's procedural errors require remand, we express no opinion on M.G.'s contention that the District Court abused its discretion by failing to award him costs. We note, however, that a district court has the discretion to deny costs as a penalty for an attorney's misconduct. *See Smith v. Se. Pa. Transp. Auth.*, 47 F.3d 97, 99 (3d Cir. 1995) (citing *Institutionalized Juveniles v. Sec'y of Pub. Welfare*, 758 F.2d 897, 926 (3d Cir. 1985)); *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 463 (3d Cir. 2000) (recognizing that district court has discretion to deny costs because of "unclean hands").

III.

For these reasons, we will vacate the District Court's order denying M.G.'s fee petition and remand for further proceedings.