Kathleen REGER; Michael Reger, as Parents and Natural Guardians of Nicholas Reger, a Minor, Deceased, Appellants at No. 08–2875

v.

The NEMOURS FOUNDATION, INC; William I. Norwood, M.D. Ph.D; Christian Pizarro, M.D.,

Diane Workman; Robert Workman, as administrators of the estate of Ashley Workman, a minor, deceased; Diane Workman; Robert Workman, individually and in their own right, Appellants at No. 09–2219

v.

The Nemours Foundation; William I. Norwood, M.D., Ph.D.

Nos. 08–2875, 09–2219.

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) Sept. 29, 2009.

Filed: March 26, 2010.

Brian E. Appel, Esq., Elkins Park, PA, Theresa M. Blanco, Esq., Eaton & McClellan, Philadelphia, PA, for Appellants.

Matthew S. Heilman, Esq., Sara L. Petrosky, Esq., Suzanne N. Pritchard, Esq., McCann & Geschke, Philadelphia, PA, John M. Hudgins, IV, Esq., Weinberg, Wheeler, Hudgins, Gunn & Dial, Atlanta, GA, for Appellees.

Before: McKEE, CHAGARES, and NYGAARD, Circuit Judges.

## OPINION OF THE COURT

NYGAARD, Circuit Judge.

We consolidated these appeals to decide questions raised by the District Court's application of Federal Rule of Civil Procedure 54. Both appeals arise from medical malpractice lawsuits filed against the Nemours Foundation and its physicians. Appellants have suffered the utmost of tragedies: the death of a child—the Regers, an infant son and the Workmans, a two-year old daughter. They filed separate medical malpractice suits against Appellee The Nemours Foundation, which operates the A.I. Dupont Hospital for Children in Wilmington, Delaware. Both families were represented by Brian E. Appel, Esquire. The Regers' case was submitted to a jury which found in favor of the Foundation. The Foundation was awarded summary judgment in the Workmans' case after the District Court found their complaint to have been untimely filed. Both the Regers and the Workmans unsuccessfully appealed to this Court. Afterward, the Clerk of Court for the United States District Court for the Eastern District Pennsylvania awarded the Foundation its costs in the amount of $21,441.88 on the Reger case and $4,793.16 on the Workman matter.

The Appellants appealed these awards to the District Court. Although they did not contest the reasonableness of the items claimed, the Appellants nonetheless asked the District Court to decline to award costs based on the "enormous disparity of financial resources" between themselves and the Foundation. The Appellants also argued that they cannot afford to pay the award of costs, which in the Regers' case, amounted to more than twenty percent of their annual income. They submitted financial records and tax returns to bolster their claims. Lastly, the Appellants maintained that any award of costs in their case would have a chilling effect on other individual plaintiffs who may have meritorious malpractice claims against the Foundation and are contemplating litigation. Two different judges of the District Court affirmed the awards of costs to the Foundation without opinion. The Regers and Workmans have timely appealed.

### I.

■ The District Court properly exercised subject matter jurisdiction in this case as a diversity action pursuant to 28 U.S.C. § 1332. We have jurisdiction over this matter pursuant to 28 U.S.C. § 1291. "In reviewing the District Court's decision to impose costs in this case, we exercise plenary review as to legal questions pertaining to Rule 54(d)(1). In reviewing the District Court's application of those legal precepts, we reverse only if that application exceeded the bounds of discretion." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458 (3d Cir.2000). Under the procedures outlined in Fed. R.Civ. P. 54(d)(1), "the Clerk taxes costs, and then, if there is an objection to the Clerk's action, the District Court reviews the Clerk's award." *McKenna v. City of Philadelphia*, 582 F.3d 447, 454 (3d Cir.2009).

### II.

■ The Appellants' first argument focuses on the District Court's failure to file an opinion when it approved the Clerk's award of costs over their objections. They

ask us to remand this matter and order the District Judges to write opinions detailing their reasoning for approving the award of costs and for rejecting their arguments.

■■■ The taxing of costs is governed by FED.R.CIV.P. 54(d)(1), which provided in relevant part:

> Except when express provision therefore is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. Such costs may be taxed by the clerk on one day's notice. On motion served within 5 days thereafter, the action of the clerk may be reviewed by the court.

FED.R.CIV.P. 54(d)(1).[1] The Rule limits the reimbursable costs to those enumerated in 28 U.S.C. § 1920.[2] The Clerk of Court is charged with taxing costs under Rule 54, but "the [district] court may review the clerk's action." FED.R.CIV.P. 54(d)(1). A district court's review of the clerk's determination of costs is *de novo*. *In re Paoli*, 221 F.3d at 461. However, there is a "strong presumption" that costs are to be awarded to the prevailing party. *Id.* at 462. "Only if the losing party can introduce evidence, and the district court can articulate reasons within the bounds of its equitable power, should costs be reduced or denied to the prevailing party." *Id.* at 462–63, 468.[3] Thus, if a district court, within its discretion, denies or reduces a prevailing party's award of costs, it must articulate its reasons for doing so. *In re Paoli*, 221 F.3d at 468; *see also Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). This is so because the denial of such costs is akin to a penalty. *ADM*

1. FED.R.CIV.P. 54(d)(1) now provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party. But, costs against the United States, its officers, and its agencies may be imposed only to the extent allowed by law. The Clerk may tax costs on 1 day's notice. On motion served within the next 5 days, the court may review the clerk's actions." As the Advisory Committee note makes plain, no substantive change was intended: "[t]he language of Rule 54 has been amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules. These changes are intended to be stylistic only." Although the Regers submitted their Bill of Costs before the amendment and the Workmans did so afterward, the result here is the same.

2. 28 U.S.C. § 1920 provides that "[a] judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title. A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree."

3. We have stated that a district court may consider the following factors in reviewing a clerk's award of costs: "(1) the prevailing party's unclean hands, bad faith, dilatory tactics, or failures to comply with process during the course of the instant litigation or the costs award proceedings; and (2) each of the losing parties' potential indigency or inability to pay the full measure of a costs award levied against them." *In re Paoli*, 221 F.3d at 468. In contrast, however, a district court may not consider "(1) the losing parties' good faith in pursuing the instant litigation (although a finding of bad faith on their part would be a reason not to reduce costs); (2) the complexity or closeness of the issues-in and of themselves-in the underlying litigation; or (3) the relative disparities in wealth between the parties." *Id.* at 462.

*Corp. v. Speedmaster Packaging Corp.*, 525 F.2d 662, 665 (3d Cir.1975) (quoting *Chicago Sugar Co. v. American Sugar Refining Co.*, 176 F.2d 1, 11 (7th Cir.1949), *cert. denied,* 338 U.S. 948, 70 S.Ct. 486, 94 L.Ed. 584 (1950)). However, we have never required, nor does FED.R.CIV.P. 54(d)(1) mandate, a district court to write an opinion when it affirms a Clerk of Court's award of litigation costs to a prevailing party. This is in line with the strong presumption in favor of such an award. *In re: Paoli,* 221 F.3d at 458, 462. Therefore, neither District Judge here erred by failing to write an opinion explaining his or her reasons for approving the Clerk's award of costs.

█ The Appellants next ask us to undertake a broader review of our decision in *Smith v. SEPTA,* 47 F.3d 97 (3d Cir.1995). In *Smith,* we held that "[i]f the losing party can afford to pay, the financial disparity in the parties' financial resources seems to us to be irrelevant for purposes of Rule 54(d)." *Id.* at 99. They argue, correctly, that *Smith* has effectively eliminated a party's relative ability to pay as a consideration a district court may use in denying or reducing an award of costs. Citing a note from the Boston University Law Review, they argue that our holding in Smith is "out of step" with legal scholarship and should be overruled. *See Note: A Practice in Search of a Policy: Considerations of the Relative Financial Standing in Cost Awards Under Federal Rule of Civil Procedure 54(d)(1),* 75 B.U.L.Rev. 1541 (Nov., 1995). Appellants also assert that our holding in *Smith* permits the Appellee to impose a "chilling effect" on personal injury and malpractice litigation by implementing a policy to seek costs in all such litigation brought against it.

Even were we in a position to overrule our decision in *Smith,* which of course we are not, *see Mariana v. Fisher,* 338 F.3d 189, 201 (3d Cir.2003) ("[N]o subsequent panel overrules the holding in a precedential opinion of a previous panel. Court *en banc* consideration is required to do so.") (quoting Third Circuit Internal Operating Procedure 9.1), we see no reason to revisit our decision. We reaffirmed *Smith's* central tenets in *In re Paoli, supra.,* rejecting the Appellants' argument that disparity of wealth should be considered in imposing costs. *In re Paoli,* 221 F.3d at 456–85, 462–68.

█ Appellants' arguments concerning a "chilling effect" on litigation are unpersuasive. The fact that a prevailing party prosecutes its rights under the Federal Rules of Civil Procedure to an award of costs cannot be seen as chilling the flow of litigation. Indeed, the very possibility that a losing party will be required to reimburse the prevailing party for its costs should cause parties to litigation to pause and calculate the risks of pursuing meritless or marginal claims. After all, the Rules presume that the prevailing party is entitled to costs. It is incumbent on an attorney to explain the risks of litigation to his or her client—including the risk that under Rule 54(d)(1) they may have to pay costs should their litigation ultimately prove unsuccessful.

### III.

The District Court did not abuse its discretion in awarding costs to the Foundation pursuant to Fed.R.Civ.P. 54(d)(1) nor by failing to file an explanatory opinion. We will affirm the orders of the District Court in both cases.