**Eric ROMERO, Plaintiff,**

v.

**CSX TRANSPORTATION, INC., Defendant.**

**Civil Action No. 06–1783 (SRC).**

United States District Court, D. New Jersey.

June 29, 2010.

---

Lawrence R. Bailey, Jr., Esq., Thomas M. Smith, Esq., Eckert Seamans Cherin & Mellott, LLC, White Plains, NY, for Defendant CSX Transportation, Inc.

## OPINION & ORDER

CHESLER, District Judge.

This matter comes before the Court on the submission of Plaintiff Eric Romero's bill of costs pursuant to Federal Rule of Civil Procedure 54 and District of New Jersey Local Civil Rule 54.1 [docket entry 166]. This Court entered Judgment in Plaintiff's favor on February 23, 2010, following the trial of this matter to a jury on the matter of damages.[1] The Judgment awarded Plaintiff costs. Defendant CSX Transportation, Inc. has submitted a response to Plaintiff's bill of costs, objecting to certain costs and expenses for which Plaintiff seeks to recover on the grounds that governing statutory authority and caselaw do not support shifting the costs to Defendant.

Federal Rule of Civil Procedure 54 provides that "costs ... should be allowed to the prevailing party." Fed.R.Civ.P. 54(d)(1). Under the rule, the district court is authorized to reimburse only for those costs enumerated in 28 U.S.C. § 1920. *Reger v. The Nemours Foundation, Inc.*, 599 F.3d 285, 288 (3d Cir.2010). In relevant part, the statute lists the following items of taxable costs:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title ...

28 U.S.C. § 1920. Courts in this district have generally placed the burden on the prevailing party to show that particular costs

Monica N. Kamison, Esq., Lowenstein Sandler, P.C., Roseland, NJ, Patrick J. Donoghue, Esq., Collins, Collins & Donoghue, P.C., Buffalo, NY, for Plaintiff Eric Romero.

1. The Court had granted partial summary judgment on liability in Plaintiff's favor by Order of December 9, 2008.

should be taxed. *Thabault v. Chait,* No. 85–2441(HAA), 2009 WL 69332, at *2, *9 (D.N.J. Jan. 7, 2009). The Third Circuit has held that "there is a 'strong presumption' that costs are to be awarded to the prevailing party." *Reger,* 599 F.3d at 288 (citing *In re Paoli R.R. Yard PCB Litig.,* 221 F.3d 449, 462 (3d Cir.2000)). Where the prevailing party demonstrates that a cost is taxable under section 1920, the Court should generally grant the application unless the losing party introduces evidence showing why the cost should be reduced or denied. *Id.* at 288–89. Moreover, while the district court need not write an opinion explaining the basis for allowing the taxation of costs, it must articulate its reasons for denying or reducing costs to the prevailing party. *Id.* at 288–89. Still, even with the prevailing party's benefit of a presumption in its favor, the Third Circuit has observed that because a district court's discretion to shift costs is constrained by statute, the costs to which a prevailing party is entitled under Federal Rule of Civil Procedure 54 "often fall short of the party's actual litigation expenses." *In re Paoli,* 221 F.3d at 458.

The parties have broken down the costs at issue into five categories, and the Court will address each category in turn.

### 1. *Deposition Costs*

Plaintiff seeks the amount of $6,513.95 in expenses incurred to obtain deposition transcripts. Defendant objects on the grounds that it is improper to tax the cost of every transcript of every deposition taken in the case, regardless of whether it was used at trial.

Local Civil Rule 54.1(g)(7) states in relevant part:

> In taxing costs, the Clerk shall allow all or part of the fees and charges incurred in the taking and transcribing of depositions *used at the trial under Fed.R.Civ.P. 32.* Fees and charges for the taking and transcribing of any other deposition shall not be taxed as costs unless the Court otherwise orders.

L.Civ.R. 54.1(g)(7) (emphasis added).

In support of the deposition costs it seeks to tax against Defendant, Plaintiff at-taches to counsel's declaration various invoices generated by deposition service providers in connection with the depositions of 16 individuals, including the Plaintiff himself. Plaintiff fails to explain in his motion papers, however, in what way each of these deposition transcripts were used at trial within the meaning of Federal Rule of Civil Procedure 32, for example, to impeach a witness or conduct cross-examination. The Court also notes that Plaintiff fails to demonstrate, alternatively, that the transcripts were used in support of Plaintiff's cross-motion for partial summary judgment on liability, on which Plaintiff prevailed. *See Fitchett v. Stroehmann Bakeries, Inc.,* No. Civ. A. 95–284, 1996 WL 47977, at *4 (E.D.Pa. Feb. 5, 1996) (holding that "[d]epositions used in support of a motion for summary judgment are necessarily obtained for use in a case"). Deposition transcripts which merely provide useful background information, but are not necessary for use in the prosecution of Plaintiff's claims, are not within the list of items which may be taxed as costs under 28 U.S.C. § 1920. "Costs for depositions obtained for the convenience of counsel or for investigatory or discovery purposes, which are not used or intended for use at trial, may not be taxed." *Adams v. Teamsters Local 115,* 678 F.Supp.2d 314, 326 (E.D.Pa.2007).

Though there is a presumption in favor of granting costs to a prevailing party, Plaintiff's instant application does not provide sufficient information to carry its burden of demonstrating that the deposition transcript costs it seeks fall within the ambit of section 1920. Plaintiff has provided the Court with no information upon which the Court may differentiate between those depositions which were taken merely for investigatory purposes and those which appeared to Plaintiff to be necessary for use in the case. The Supreme Court has held that a court may not grant costs unless such cost shifting is authorized by section 1920 or other statutory authority. *Crawford Fitting Co. v. J.T. Gibbons, Inc.,* 482 U.S. 437, 444–45, 107 S.Ct. 2494, 96 L.Ed.2d 385 (1987); *Merck Sharp & Dohme Pharms., SRL v. Teva Pharms. USA, Inc.,* No. 07–1596(GEB), 2010 WL 1381413, at *2 (D.N.J. Mar. 31, 2010). In light of this limi-

tation on its authority, this Court may not, without additional information, order the entire amount of deposition transcripts costs sought by Plaintiff to be taxed pursuant to 28 U.S.C. § 1920. It will therefore deny this aspect of Plaintiff's application.

2. *Witness Fees*

Plaintiff requests reimbursement for expenses associated with the travel and attendance at trial of his witnesses. Witness fees are governed by 28 U.S.C. § 1821. *See* L.Civ.R. 54.1(g)(1). In relevant part, the statute provides:

A witness shall be paid an attendance fee of $40 per day for each day's attendance. A witness shall also be paid the attendance fee for the time necessarily occupied in going to and returning from the place of attendance at the beginning and end of such attendance or at any time during such attendance.

28 U.S.C. § 1821(b). For the following reasons, Plaintiff is entitled to some but not all of the witness fees he claims in his bill of costs.

■ One of the witnesses in particular is lay witness Mark Chalupa. The costs identified by Plaintiff are the statutory witness fee of $40.00; roundtrip train fare between the witness's residence in Philadelphia and Newark, New Jersey, where the trial occurred; and overnight lodging. Defendant opposes this request insofar as it includes the cost of a hotel room in Newark, an expense Defendant contends is not justified because the travel time between Newark and Philadelphia does not warrant an overnight stay. The Court disagrees. The distance between the two cities, the demands of preparing a witness and the importance of abiding by the Court's trial schedule justify the hotel expense. Thus, the entire amount of expenses incurred in connection with Mr. Chalupa's appearance as a witness, that is $430.32, will be allowed as a taxable cost.

■ Additionally, Plaintiff seeks as a taxable cost the statutory witness fee for 10 witnesses (other than Mr. Chalupa) who testified in support of his case. These 10 witnesses include Eric Romero, that is, Plaintiff himself. Defendant argues that the statutory witness fee is not warranted because Plaintiff has not demonstrated that the 10 witnesses for whom the statutory fee is sought were subpoenaed to testify and, moreover, argues that it is doubtful that they were in fact subpoenaed, given their relationship to Plaintiff. This argument runs counter to Local Civil Rule 54.1, which provides that the "fees of witnesses for actual and proper attendance shall be allowed, whether such attendance was voluntary or procured by subpoena." L.Civ.R. 54.1(g)(1). Thus, it is irrelevant whether the witnesses were subpoenaed or not. Defendant is correct, however, that Plaintiff is not entitled to a statutory witness fee. A party is not entitled to a statutory witness fee for his own attendance. L.Civ.R. 54.1(g)(3). The Court will award as a taxable cost the $40 per day statutory witness fee for all witnesses, other than the Plaintiff himself. Without counting the fee associated with Mr. Chalupa's attendance, which has been included in the above calculation of total of expenses particular to him, the taxable statutory fee for daily witness attendance is $360.00.

Finally, Plaintiff also seeks the transportation costs Plaintiff incurred in connection with the travel of two witnesses, Drs. Boss and Bikoff, to and from the courthouse. Defendant objects insofar as Dr. Boss traveled to the courthouse in what Defendant characterizes as "limousine service." Defendant contends this is an exorbitant expense and that Plaintiff is entitled at most to a mileage fee, assuming he paid one.

■ Title 28 U.S.C. § 1821(c) sets the statutory framework for fees in connection with witness travel. It contemplates reimbursement for travel by common carrier "at the most economical rate reasonably available," and where the witness has traveled by privately-owned vehicle, a mileage allowance according to the rates set for reimbursement of federal employees' official travel. 28 U.S.C. § 1821(c). The Court has reviewed the invoices for transportation services arranged by Plaintiff in connection with the travel of Dr. Boss between Essex Fells, New Jersey and Newark as well as the travel of Dr. Bikoff between Hackensack, New Jersey

and Newark to testify on Plaintiff's behalf in the trial of this action. While it is not clear that these witnesses in fact traveled to the courthouse in a limousine, the private car service totaling $462.40 for Drs. Boss and Bikoff to travel approximately 24 miles and 32 miles roundtrip, respectively, is excessive in the Court's view. Plaintiff points to no authority in the applicable statutes or rules that justify shifting such an expense to Defendant. The Court will thus reduce the taxable expense cost for travel from the $462.40 sought by Plaintiff to $28.00, which represents the mileage fee calculated at the rate of $.50 per mile (the General Services Administration rate for 2010) plus $4.00 in tolls. *See* 28 U.S.C. § 1821(c)(2) and (3).

### 3. *Copying and Printing Costs*

Plaintiff requests reimbursement of $2,604.22 in copying and printing costs. Such fees are taxable as costs where the copies are "necessarily obtained for use in the case." 28 U.S.C. § 1920(4). The fees sought break down to $321.77 for costs associated with preparing multiple sets of trial exhibit binders (for opposing counsel, the judge and the courtroom deputy) and $2,282.45 for costs associated with reproduction of medical records, films, photographs and the like. Defendant argues that Plaintiff has not shown that the latter materials were actually received into evidence at trial. For example, Defendant objects to reimbursement for copies concerning medical bills incurred by Plaintiff on the grounds that this evidence was ultimately precluded at trial.

■ Local Civil Rule 54.1(g)(9) places two limiting criteria on the taxation of costs for copying documents. The documents must both be admitted into evidence or necessarily attached to a document required to be filed and served in support of a dispositive motion *and* the copies must be in lieu of originals which are not introduced at the request of opposing counsel. *See* L.Civ.R. 54.1(g)(9). Plaintiff has made no demonstration of how the material copied, be it the items in the parties' trial exhibit lists or the films, videos or even the medical records, were necessary for use in the case according to the governing standard in this district. The Court ac-

knowledges that the extent of Plaintiff's injuries was clearly a central issue in the trial of this matter, and thus it presumes that some of the copies pertain to evidence that was admitted at trial. However, as Defendant argues, some evidence was precluded, and Plaintiff offers no basis upon which the Court may determine that the taxability prerequisites have been satisfied. The application contains invoices showing amounts charged to Plaintiff and generally describing the material reproduced but lacks a needed itemization of how the documents and other things copied constitute taxable costs. Having failed to meet his burden of showing what amount of the duplication costs pertain to documents used at trial, Plaintiff has not satisfied the Court that he is entitled to taxation of the copying costs. *See Garonzik v. Whitman Diner*, 910 F.Supp. 167, 172 (D.N.J.1995) (disallowing entire amount of copying costs sought based on prevailing party's failure to present sufficient proof that the copies amounted to taxable costs as defined by the governing local rule). Thus, this portion of Plaintiff's application will be denied.

### 4. *Visual Aids*

■ Plaintiff requests that the Court tax Defendant in the amount of $3,652.00 for four medical illustrations demonstrating the surgical procedures Plaintiff underwent as a result of the litigated accident. Local Civil Rule 54.1(g)(10) provides that the "reasonable expense of preparing visual aids ... is taxable as costs when such visual aids are admitted into evidence." Defendant objects to the taxation of this cost, among other reasons, because not all four illustrations were received into evidence. The Court finds that the focus of the trial on Plaintiff's injuries, together with the presumption in favor of awarding costs to the prevailing party, warrant application of Local Civil Rule 83.2(b), which authorizes the Court to relax a local rule if strict adherence to the rule would result in surprise or injustice. Plaintiff undoubtedly had the four medical illustrations prepared with the intention of admitting all as demonstrative evidence at trial, and the Court does not find that an excessive amount

of visual aids were obtained. Notwithstanding Defendant's opposition to the taxation of this cost, the Court will award Plaintiff $3,652.00 in costs for visual aids.

5. *Mediation Fee*

Plaintiff's request to tax as costs the fee incurred in connection with court-ordered mediation will be denied. A mediation fee falls outside the parameters of 28 U.S.C. § 1920, and Plaintiff has raised no statute or rule authorizing the shifting of this fee as a taxable cost.

Accordingly, for the foregoing reasons,

**IT IS** on this 29th day of June, 2010,

**ORDERED** that Plaintiff's motion for submission of a bill of costs pursuant to Federal Rule of Civil Procedure 54 and District of New Jersey Local Civil Rule 54.1 be and hereby is **GRANTED IN PART and DENIED IN PART;** and it is further

**ORDERED** that Plaintiff be and hereby is entitled to recover from Defendant $4,474.32 in litigation costs, pursuant to 28 U.S.C. §§ 1821 and 1920 and Local Civil Rule 54.1.