NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 14-3357 & 14-3603
_____

DONALD A. CARROLL,

Appellant in No. 14-3357

v.

CLIFFORD TOWNSHIP;
DENNIS KNOWLTON, Individually and in his
Official Capacity as Chairman/Supervisor;
CHRIS MARCHO, Individually and in his
Official Capacity as Supervisor

Clifford Township, Dennis Knowlton, Chris Marcho,

Appellants in No. 14-3603
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civ. No. 3:12-cv-00553)
District Judge: Honorable Malachy E. Mannion
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
April 17, 2015

Before: AMBRO, VANASKIE, and SHWARTZ, *Circuit Judges.*

(Opinion Filed: September 2, 2015)

_____

OPINION*
_____

VANASKIE, *Circuit Judge*.

Appellant/Cross-Appellee Donald Carroll sued Appellees/Cross-Appellants

Clifford Township and two of its Supervisors, Chris Marcho and Dennis Knowlton,

claiming that they had violated (1) his First Amendment freedom of association right

when they failed to endorse his application to join the Fraternal Order of Police ("FOP"),

and (2) his First Amendment free-speech right when they disbanded the Township police

force after he had brought the civil rights action concerning his FOP application. The

District Court granted summary judgment on the free-speech claim, but denied summary

judgment on the freedom-of-association claim. A jury found in favor of Carroll on that

claim, awarding $1 in nominal damages and punitive damages in the amount of $15,000

against Marcho and $15,000 against Knowlton. In a post-trial ruling, the District Court

set aside the punitive damage awards, sustained the liability verdict and nominal damage

award, and denied Carroll's applications for an award of attorney's fees and costs. This

appeal and cross-appeal followed. For the reasons that follow, we will affirm all of the

District Court's rulings with the exception of its denial of costs under Fed. R. Civ. P.

54(d)(1).

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

I.

Donald Carroll began working as a part-time police officer for Clifford Township in 2001, and transitioned to full-time employment in 2004. He became Assistant Police Chief in 2006, and Chief of Police in 2007. In 2007, Carroll decided to join the FOP, which required that the Township Supervisors confirm his position and qualifications. Carroll presented his FOP application to the Township Supervisors for their signature, but no Supervisor signed the form.[1] In 2011, Carroll presented another copy of the application to Barry Searle, who served both as a Supervisor and as Police Commissioner. Searle apparently lost this application, and requested another copy from Carroll. Carroll submitted a third FOP form to Supervisors Marcho, Knowlton, and Searle at a Township meeting on February 14, 2012. The Township Supervisors referred the question of whether they should sign the form to the Township's attorney.

On March 28, 2012, Carroll filed the instant civil rights action against Clifford Township, Marcho, and Knowlton under 42 U.S.C. § 1983, asserting a denial of his freedom of association. On May 8, 2012, the Township Supervisors voted to disband the police department, citing budgetary concerns.

As noted at the outset, the District Court granted summary judgment on the retaliation claim arising out of the elimination of the police department, and Carroll

---

[1] Neither Marcho nor Knowlton was a Supervisor in 2007, and none of the Supervisors from 2007 are joined as defendants in this case.

proceeded to trial on his freedom-of-association claim, after which the jury returned a verdict of $1 in nominal damages and $15,000 in punitive damages each against Marcho and Knowlton. Thereafter, the District Court: (1) vacated the award of punitive damages, finding insufficient evidence to sustain them, (2) denied Carroll's motion for attorney's fees under 42 U.S.C. § 1988(b) and costs under Fed. R. Civ. P. 54(d)(1), and (3) denied Appellees' post-trial motion for judgment as a matter of law under Fed. R. Civ. P. 50(b).

Carroll filed a timely notice of appeal challenging the District Court's vacatur of punitive damages, denial of attorney's fees and costs, and grant of summary judgment on Count III. Marcho, Knowlton, and Clifford Township filed a cross-appeal from the denial of their post-trial motion for judgment as a matter of law.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343. We have appellate jurisdiction under 28 U.S.C. § 1291.

## III.

## A.

First, we must decide whether the District Court erred when it concluded that insufficient evidence supported the jury's punitive damages awards against Marcho and Knowlton. Because the sufficiency of the evidence for a punitive damages award is a question of law, our review is *de novo*. *Alexander v. Riga*, 208 F.3d 419, 430 (3d Cir. 2000) (citing *Delli Santi v. CNA Ins.*, 88 F.3d 192, 207 (3d Cir. 1996)).

4

Punitive damages are appropriate in § 1983 actions when a "'defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others.'" *Id.* at 430–31 (quoting *Smith v. Wade*, 461 U.S. 30, 56 (1983)). Here, Carroll presented no evidence to support a finding that Marcho or Knowlton intended to or were recklessly indifferent to Carroll's First Amendment freedom of association. Indeed, Carroll only submitted an FOP application to Marcho and Knowlton for signature on one occasion, making this an isolated incident rather than a repeated matter. We agree with the District Court that the conduct of Marcho and Knowlton was not so reprehensible as to support a punitive damages award. Accordingly, we will affirm the District Court's order vacating punitive damages.

B.

We must next decide whether the District Court abused its discretion when denying Carroll's request for attorney's fees. We review the District Court's denial of attorney's fees for abuse of discretion. *D.F. v. Collingswood Borough Bd. of Educ.*, 694 F.3d 495, 495 (3d Cir. 2012). A district court abuses its discretion when its "decision 'rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact.'" *P.N. v. Clementon Bd. of Educ.*, 442 F.3d 848, 852 (3d Cir. 2006) (quoting *Hanover Potato Prods., Inc. v. Shalala*, 989 F.2d 123, 127 (3d Cir. 1993)).

In an action under § 1983, a district court may award reasonable attorney's fees to a prevailing plaintiff. 42 U.S.C. § 1988(b). A party who wins nominal damages is

5

considered a prevailing party under § 1988. *Farrar v. Hobby*, 506 U.S. 103, 112 (1992). Yet, "[w]hen a plaintiff recovers only nominal damages because of [a] failure to prove an essential element of his claim for monetary relief, the only reasonable fee is usually no fee at all." *Id.* at 115 (citations omitted). Moreover, when the purpose of a civil rights action is recovery of monetary damages, courts are obligated to give primary consideration to the disparity between the damages awarded and the damages sought. *Id.* at 114.

Here, although Carroll sought compensatory damages, he received only $1 in nominal damages because he failed to prove "actual, compensable injury." *Id.* at 115 (citing *Carey v. Piphus,* 435 U.S. 247, 254–64 (1978)). Those damages, as noted by the District Court, "are a minute fraction of those that were sought[.]" App. at 24. In fact, Carroll "turned down a Rule 68 offer of judgment of $10,000." App. at 24.

We conclude that the District Court applied the correct standard when evaluating Carroll's application for attorney's fees, and did not abuse its discretion. We will therefore affirm the order denying Carroll's application for attorney's fees.

C.

Carroll also contends that the District Court erred in denying his motion for costs under Fed. R. Civ. P. 54(d)(1). We review a challenge to the District Court's decision on a cost petition for abuse of discretion. *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 104 (3d Cir. 2012).

6

Rule 54(d)(1) of the Federal Rules of Civil Procedure provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." We have read this rule to create a "strong presumption" that a district court should award costs to the prevailing party, and have held that when denying costs to a prevailing party district courts must give an explanation. *Reger v. The Nemours Found., Inc.*, 599 F.3d 285, 288 (3d Cir. 2010). The denial of costs to the prevailing party is typically a penalty for "needlessly bringing or prolonging litigation." *Institutionalized Juveniles v. Sec'y of Pub. Welfare*, 758 F.2d 897, 926 (3d Cir. 1985) (quoting *Chicago Sugar Co. v. American Sugar Refining Co.*, 176 F.2d 1, 11 (7th Cir. 1949), *cert. denied*, 338 U.S. 948 (1950)). A party's limited success, taken alone, does not justify denial of costs. *Id.*

Here, the District Court denied costs to Carroll, the prevailing party, without offering any explanation. We see no evidence that the District Court intended its denial of costs as a penalty for dilatory actions. Although Carroll's limited success may justify denial of attorney's fees, it is insufficient to justify denying him costs. Accordingly, we will vacate the District Court's order insofar as it denies costs awarded under Rule 54(d), and remand for an award of costs allowed under 28 U.S.C. § 1920.

D.

Next, we must determine whether the District Court erred in denying Appellees' post-trial motion for judgment as a matter of law. *See* Fed. R. Civ. P. 50(b). We exercise *de novo* review and view all evidence in the light most favorable to the prevailing party.

7

*Addie v. Kjaer*, 737 F.3d 854, 861 (3d Cir. 2013) (citation omitted). In doing so, we ask whether sufficient evidence exists to allow a jury to enter a verdict for the party against whom the motion is directed. *Patzig v. O'Neil*, 577 F.2d 841, 846 (3d Cir. 1978).

Marcho and Knowlton argue that they were entitled to qualified immunity. Additionally, Appellees argue that the verdict was improper because Carroll did not demonstrate that the failure to sign his FOP form violated his right to freedom of association. We address each of these arguments in turn.

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald,* 457 U.S. 800, 818 (1982)). Under the two-step sequence for resolving claims of qualified immunity, we must determine whether the alleged or proven conduct of the defendant violated the plaintiff's constitutional rights. *Id.* at 232. If it did, we ask whether the right was "clearly established at the time of [the] defendant's . . . misconduct." *Id.* (quotation marks omitted).

As to the first step, the First Amendment's freedom-of-association clause protects the right to join a union. *See Hobbs v. Hawkins*, 968 F.2d 471, 482 (5th Cir. 1992) (citing *Thomas v. Collins*, 323 U.S. 516, 532 (1945)). As to the second step, Carroll's right to join a union was clearly established in 2012, when Marcho and Knowlton failed to sign the application. *Id*. Indeed, both Marcho and Knowlton testified that they were aware of

8

the right to freedom of association. Testimony at trial suggested that Carroll could not join the FOP unless Township Supervisors signed his form. Marcho and Knowlton failed to sign Carroll's application, violating his clearly established First Amendment rights. Therefore, they are not entitled to qualified immunity.

Marcho and Knowlton argue that we should extend our holding in *Kelly v. Borough of Carlisle*, 622 F.3d 248 (3d Cir. 2010), to this case. In *Kelly*, a police officer believed that an individual was violating the Pennsylvania Wiretapping and Electronic Surveillance Control Act (Wiretap Act), 18 Pa. Cons. Stat. §§ 5701–82, by filming a traffic stop. 622 F.3d at 251. The officer seized the camera, but called an assistant district attorney to confirm the illegality of the filming before arresting the individual. *Id.* at 251–52. We held that the officer was presumptively entitled to qualified immunity from Fourth Amendment claims so long as he relied in good faith on the prosecutor's legal opinion in seizing the camera, and his decision to follow the prosecutor's advice was objectively reasonable. *Id.* at 255–56.

The facts of *Kelly* are unlike those in this case, because while Marcho and Knowlton sought legal advice from the solicitor, they never received it and never relied on it. As the District Court noted, extending qualified immunity here could create a safe haven for officials accused of unconstitutional inaction so long as they claimed that they had not yet received legal advice on a relevant issue. Thus, we decline to extend *Kelly*, and hold that Marcho and Knowlton were not entitled to qualified immunity.

9

Additionally, Appellees assert that Carroll did not show that their failure to sign the FOP application caused a violation of Carroll's right to freedom of association. The evidence, however, was that Carroll required a completed form to join the FOP. We agree with the District Court that the jury could have reasonably found that Appellees violated Carroll's right to join a union by failing to sign the application.[2] Accordingly, we will affirm the District Court's denial of Appellees' post-trial motion for judgment as a matter of law.

E.

Finally, we examine whether the District Court properly granted summary judgment for Appellees on Count III, in which Carroll claimed that Clifford Township disbanded its police department in retaliation for filing this suit. We review a grant of summary judgment *de novo* by examining the record using the same standards a district court would apply. *Shelton v. Bledsoe*, 775 F.3d 554, 559 (3d Cir. 2015). We draw all justifiable inferences in favor of the non-moving party. *Montone v. City of Jersey City*, 709 F.3d 181, 191 (3d Cir. 2013) (citation omitted). Summary judgment should be granted when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

When evaluating claims of First Amendment retaliation,

---

[2] Appellees also make an argument based on *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). Because they failed to raise that issue in their original motion for judgment as a matter of law, we will consider it procedurally defaulted. *See Williams v. Runyon*, 130 F.3d 568, 571–72 (3d Cir. 1997).

> [w]e follow a well-established three-step test to evaluate a public employee's claim of retaliation for engaging in activity protected under the First Amendment. First, the employee must show that the activity is in fact protected. Second, the employee must show that the protected activity was a substantial factor in the alleged retaliatory action. Third, the employer may defeat the employee's claim by demonstrating that the same adverse action would have taken place in the absence of the protected conduct.

*Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005) (citations omitted) (quotation marks omitted).

The parties do not contest that, at the first step, filing a federal lawsuit constitutes protected activity. They disagree on the second step, which requires Carroll "to present sufficient evidence that his protected activity was a substantial factor" in the alleged retaliatory action. *Hill*, 411 F.3d at 127.

To demonstrate the necessary causation, a plaintiff generally must show "either (1) an unusually suggestive temporal proximity between the protected activity and the allegedly retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link." *Budhun v. Reading Hosp. and Med. Ctr.*, 765 F.3d 245, 258 (3d Cir. 2014) (citation and quotation marks omitted). While it is true that Clifford Township disbanded its police force little more than a month after Carroll filed this suit, we do not find that this temporal proximity, without more, would permit the inference that Clifford Township disbanded its entire police department in retaliation for the filing of a lawsuit. This is especially true when viewed in light of evidence from township meetings, which

11

suggests that Clifford Township disbanded its three-person police force for financial reasons: it lost an unrelated lawsuit and was nearly $500,000 in debt by 2012.

Further, the evidence does not show a pattern of antagonism between Carroll and Appellees. Carroll attempts to show such a pattern through his email exchange with Searle, in which Searle wrote "the fact that you have opened [a] lawsuit against us has caused our attorney to advise that I do not have conversations with you without counsel[.]" App. at 57. Aside from the fact that Searle's words cannot show antagonism on the part of Appellees, no reasonable factfinder would interpret this email as evidence of retaliatory motive.

We conclude that Appellees were entitled to summary judgment because no genuine dispute existed as to any fact material to the question of causation. Accordingly, we will affirm the grant of summary judgment for Appellees on Count III.

IV.

For the foregoing reasons, we will vacate the District Court's order of June 23, 2014 in which it denied Carroll's application for costs, and remand for an award of costs allowed under 28 U.S.C. § 1920. We will affirm the judgment of the District Court in all other respects.

12