**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

Nos. 17-3476 & 18-1112

———————

KAREN CAMESI; ERIN O'CONNELL; LORI SHAFFER; DINAH BAKER,
on behalf of themselves and all other employees similarly situated,
Appellants

v.

UNIVERSITY OF PITTSBURGH MEDICAL CENTER; UPMC HEALTH SYSTEM;
UPMC BEDFORD MEMORIAL HOSPITAL; UPMC BRADDOCK;
UPMC MCKEESPORT; UPMC NORTHWEST; UPMC PRESBYTERIAN;
UPMC ST. MARGARET; MAGEE WOMANS HOSPITAL OF UPMC;
MERCY HOSPITAL OF PITTSBURGH; MONTEFIORE HOSPITAL;
MONTEFIORE UNIVERSITY HOSPITAL; WESTERN PSYCHIATRIC
INSTITUTE AND CLINIC; CHILDREN'S HOSPITAL OF PITTSBURGH OF THE
UPMC HEALTH SYSTEM; UPMC LEE; UPMC HORIZON;
UPMC HOLDING COMPANY, INC.; UPMC HEALTH NETWORK, INC.;
JEFFREY A. ROMOFF; GREGORY PEASLEE;
UPMC 401A RETIREMENT SAVINGS PLAN; UPMC 403B
RETIREMENT SAVINGS PLAN; UPMC BASIC RETIREMENT PLAN

———————

On Appeal from the United States District Court
for the Western District of Pennsylvania
((District Court No.:  3-09-cv-00085)
District Judge:  Honorable Cathy Bissoon

———————

Submitted under Third Circuit LAR 34.1(a)
on November 9, 2018

Before:  AMBRO, SCIRICA and RENDELL, <u>Circuit Judges</u>

O P I N I O N*

**RENDELL**, <u>Circuit Judge</u>:

Karen Camesi, Erin O'Connell, Lori Shaffer, and Dinah Baker (collectively, "Appellants") appeal the District Court's reinstatement of its denial of their motion to vacate or reduce the award of costs in the amount of over $300,000 to the University of Pittsburgh Medical Center and multiple related entities (collectively, "Appellees"). For the reasons set forth below, we will affirm.

## I. BACKGROUND[1]

Appellants filed a complaint on behalf of themselves and similarly situated employees, alleging that Appellees' policy of automatically deducting a thirty-minute meal break from certain employees' pay violated the Fair Labor Standards Act (the "FLSA"). After the District Court granted conditional certification of the collective action, the parties proceeded with discovery on final certification, which "was both voluminous and contentious, particularly with regard to Appellees' electronically stored information." Br. for Appellees at 6. We will recount the nature of the production requested and extensive procedural steps taken by the parties, as they inform the consideration of the District Court's relatively large award of costs.

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Because we write for the parties, who are familiar with the facts and the procedural posture to date, we only include what is necessary to explain our decision.

Appellants "insisted on broad ESI productions," A. 1, and, after attempts to negotiate the terms of future productions, Appellees moved for a protective order. In response, Appellants moved to compel the search and production of the requested ESI. The District Court denied Appellees' motion and granted Appellants', ordering production essentially identical to that requested by Appellants and requiring its completion within four months of the order. After some time and attempts to comply with the District Court's order, Appellees filed another motion for a protective order, alleging that the resulting production would include approximately 65 million pages of documents and arguing that it would be impossible to complete within the timeframe set by the Court and without "enormous cost." *Id.* at 9-10. The parties then stipulated to a consent order to stay any further discovery pending certification motions. The District Court approved this order.

Upon the parties' respective motions to certify and decertify the class action, the District Court granted Appellees' motion and denied Appellants' motion, thereby dismissing the claims of the unnamed plaintiffs without prejudice. Appellants voluntarily dismissed their claims with prejudice in order to appeal the decertification of the class. This Court, in turn, dismissed Appellants' appeal for lack of jurisdiction, holding that their voluntary dismissal was an impermissible attempt to create finality for purposes of an appeal.

Appellees filed a bill of costs in the District Court, requesting a total of $319,655.80. Of that amount, Appellees sought $310,000.00 for copying costs incurred after the District Court ordered them to comply with Appellants' discovery requests but

3

before discovery was stayed. Specifically, Appellees pursued recovery of charges from their ESI vendor, Knoll Ontrack, labeled as "Process to Ontrack Inview." The District Court Clerk taxed costs in the amount of $317,572.40, which included the whole amount requested for copying costs. Appellants moved for review of the award and asked the District Court to reduce or vacate it. They argued that the award should be vacated because the activities that were taxed were not taxable under 28 U.S.C. § 1920 ("Section 1920"); those activities were not necessary for use in the case, as required by Section 1920; and Appellees are not prevailing parties against the unnamed plaintiffs pursuant to Federal Rule of Civil Procedure 54(d)(1). Appellants also asked the Court to exercise its discretion to deny Appellees' request for costs because they claimed that the high amount awarded was due to Appellees' bad behavior during discovery, that Appellants are unable to pay the full amount awarded, and that assessing costs attributable to the claims of both the four named plaintiffs and the more than 2,800 unnamed plaintiffs against only the former group would be inequitable.

Instead, however, the District Court confirmed the Clerk's award. It first incorporated the reasoning of the district court in a factually analogous case, *Kuznyetsov v. West Penn Allegheny Health System, Inc.*, No. 10-948, 2014 WL 5393182 (W.D. Pa. Oct. 23, 2014), to the extent that opinion addressed Appellants' arguments. We briefly describe those portions of that opinion here. In *Kuznyetsov*, the district court rejected the plaintiffs' argument that the defendants were not prevailing parties as to the unnamed plaintiffs. It reasoned that the defendants prevailed "on the issue of decertification," and "[w]hether the opt-in Plaintiffs agreed to voluntarily dismiss their claims does not affect

4

the status of prevailing party on Defendants." *Id.* at *2. The court in *Kuznyetsov* also rejected the plaintiffs' argument that it should exercise its discretion to deny costs for essentially the same reasons cited by Appellants. In doing so, it found that that the defendants' actions were not in bad faith or dilatory, and that the plaintiffs were not indigent and together should be capable of paying the costs assessed against them. As to the latter finding, the district court noted that "[p]resumably counsel informed the named Plaintiffs of the risks of litigation, including the risk that under Rule 54(d)(1) they may have to pay costs should their litigation ultimately prove unsuccessful," and that the named plaintiffs therefore should have "considered and calculated the risks of pursuing their claims prior to filing the lawsuit." *Id.* at *3 (quoting *Reger v. Nemours Found., Inc.*, 599 F.3d 285, 289 (3d Cir. 2010)) (internal quotation marks omitted). Finally, the court rejected the plaintiffs' argument that they should not be responsible for costs also attributable to the unnamed plaintiffs for the same reason, namely, that they chose to bring their claims as a class action and were presumed to have understood the risks associated with that choice.

After incorporating *Kuznyetsov*, the District Court considered Appellants' arguments that were not addressed in that case. First, the Court held that the taxed activities qualified as "necessarily obtained for use in the case" under Section 1920 even though none of the files at issue were produced because "the lack of production resulted from the agreed-upon stay." A. 2. Second, it determined that the activities were taxable under Section 1920, reasoning that "[Appellees] have requested a little more than one-third (1/3) of the total ESI services paid to their vendor," and "[o]therwise, [Appellees]

5

have submitted declarations demonstrating, to the Court's satisfaction, that the charges asserted are recoverable under prevailing law." A. 2. Third, it did not find any bad behavior on the part of Appellees that would warrant vacating or reducing the award. Finally, the District Court rejected Appellants' contention that they would be unable to pay the full amount awarded, finding that they are not indigent and referencing indications in the record that Appellants' counsel will bear the costs of the award.

Appellants appealed the District Court's order to this Court, arguing, among other things, that the copying costs sought by Appellees were not recoverable under Section 1920 pursuant to our holding in *Race Tires America, Inc. v. Hoosier Racing Tire Corp.*, 674 F.3d 158 (3d Cir. 2012). In a non-precedential opinion, we determined that "it [was] not readily apparent what ESI activities the charges at issue cover, or how these activities constitute[d] either of the two applicable types of taxable costs identified in *Race Tires*." *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 673 F. App'x 141, 146 (3d Cir. 2016). Therefore, we could not engage in meaningful review to determine whether the activities were recoverable under Section 1920, and we vacated and remanded to the District Court, suggesting that it "consider holding an evidentiary hearing or taking additional evidence to determine if these costs are taxable pursuant to our narrow construction of § 1920(4)." *Id.* at 144, 149.

On remand, the District Court held an evidentiary hearing, at which the Appellees presented the testimony of two witnesses. First, Appellees' lead counsel testified to the events surrounding the discovery dispute and his knowledge of the activities performed by Knoll Ontrack. Second, Yakov Zylbershlag, Vice President of the "client experience"

6

team at Knoll Ontrack and a former client of the ESI vendor, testified primarily to the meaning of "Process to Ontrack Inview." Appellants cross-examined each of these witnesses but did not present any of their own witnesses or evidence. Based on the evidence presented at the hearing, the District Court reinstated its order denying Appellants' motion to vacate or reduce the award.[2] Appellants filed this timely appeal.

## II.    DISCUSSION[3]

Appellants advance three challenges to the award of costs. First, they urge that the award does not comply with Section 1920 because the activities that it credited were not for "making copies" and those copies were not "necessarily obtained for use in the case." Second, they argue that the award does not comply with Federal Rule of Civil Procedure 54(d)(1) because it is contrary to the FLSA and because Appellees cannot be considered prevailing parties. Finally, they argue that the District Court abused its discretion in awarding costs under the circumstances of this case.

### a.  Section 1920

Section 1920 allows a court to tax "the costs of making copies of any materials where the copies are necessarily obtained for use in the case." 28 U.S.C. § 1920(4).

---

[2] The District Court did so in two separate orders. In the first, it determined that the costs at issue were taxable pursuant to Section 1920 but allowed the parties the opportunity to supplement the record "[t]o the extent that additional, potentially-relevant information exists." A. 11. Appellees filed a single-page supplemental affidavit from Yakov Zylbershlag, and Appellants filed a response to it. The District Court's second order reinstated its original order. Appellants appeal from both.

[3] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over questions of law related to an award of costs. *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d 449, 458 (3d Cir. 2000). However, we review taxation of costs only for abuse of discretion. *Id.*

Appellants urge that the award of costs in this case is contrary to Section 1920 for two reasons: (1) the activities for which they were taxed were not copy-making, and (2) the resulting files were not "necessarily obtained for use in the case." Both of these arguments fail.

Appellants contend that the activities for which costs were awarded in this case were not "making copies" because "Process to Ontrack Inview" denotes more than just converting files to TIFF format. We interpreted the phrase "making copies" as used in Section 1920 in *Race Tires America, Inc. v. Hoosier Racing Tire Corp.* and "conclude[d] that only scanning and file format conversion can be considered to be 'making copies.'" 674 F.3d 158, 160 (3d Cir. 2012). In that case, we considered whether the following activities qualified under this phrase: "collecting and preserving ESI; processing and indexing ESI; keyword searching of ESI for responsive and privileged documents; converting native files to TIFF; and scanning paper documents to create electronic images." *Id.* at 167. We held that, of these activities, only the latter two could be taxed under Section 1920. *Id.*

At the evidentiary hearing, Yakov Zylbershlag testified that the invoice items labeled "Process to Ontrack Inview" refer to converting the documents to TIFF format and loading the converted files onto the vendor's platform for final production. Because this is a file format conversion activity and Appellants have not offered any evidence to the contrary, we agree with the District Court that the costs associated with it are recoverable under Section 1920.

8

Appellants' also urge that the files at issue were not "necessarily obtained for use in the case" because they were never produced. However, these documents were being produced pursuant to an order of the District Court, which, in essence, adopted the production protocol requested by Appellants and rejected the objections of Appellees. Moreover, they would have been produced but-for the discovery stay to which Appellants agreed. Therefore, we agree with the District Court that the taxed activities were for making copies that were "necessarily obtained for use in the case." Accordingly, charges for the invoice items labeled "Process to Ontrack Inview" are recoverable under Section 1920.

### b. Federal Rule of Civil Procedure 54(d)(1)

Federal Rule of Civil Procedure 54(d)(1) states, "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Appellants argue that the award of costs in this case violates Rule 54(d)(1) because (1) it is contrary to the FLSA, and (2) Appellees are not "prevailing part[ies]." Both of these arguments also fail.

Appellants urge that because the FLSA is a federal statute that "provides otherwise," the award of costs in this case must comply with the FLSA in order to comply with Rule 54(d)(1). And they claim that the award violates the FLSA for two reasons. First, Appellants argue that the FLSA bars an award of costs to a prevailing defendant and, therefore, displaces Rule 54(d)(1). We disagree. In pertinent part, the FLSA provides, "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant,

9

and costs of the action." 29 U.S.C. § 216(b). This provision only provides for costs to a prevailing plaintiff and does not address prevailing defendants. Because Appellants did not prevail below, the FLSA does not address this situation and does not displace Rule 54(d)(1) in this case.

Second, Appellants urge that allowing this award "would entirely eviscerate the purpose of [the FLSA]." Br. for Appellants at 27. Specifically, they argue that permitting such an award is contrary to "Congress' decision to authorize collective actions[] and to ensure that lack of funds would not be an obstacle against FLSA litigation" and would "permit an employer to accomplish by other means the same kind of punitive action that Congress specifically prohibited in the FLSA." *Id.* at 29. We find this argument unpersuasive. The possibility that a losing party will be compelled to compensate the other side for its costs would not "entirely eviscerate the purpose of [the FLSA]." Instead, it "should cause parties to litigation to pause and calculate the risks of pursuing meritless or marginal claims." *Reger v. The Nemours Foundation, Inc.*, 599 F.3d 285, 289 (3d Cir. 2010). Therefore, the award is consistent with both Rule 54(d)(1) and the FLSA.

Appellants also argue that the award violates Rule 54(d)(1) because Appellees are not "prevailing part[ies]." Although they concede that Appellees prevailed on the claims of Appellants, who were the named plaintiffs below, they urge that Appellees did not prevail against the unnamed plaintiffs, whose claims were dismissed without prejudice when the class was decertified. However, a defendant can still be the "prevailing party" where a plaintiff's claims are dismissed without prejudice. *See In re Paoli R.R. Yard*

10

*PCB Litig.*, 221 F.3d 449, 471 n.10 (3d Cir. 2000). Moreover, although very few other courts have addressed this particular issue, the vast majority of those courts have concluded that a defendant can be a prevailing party against unnamed plaintiffs who have voluntarily dismissed their claims. *See Frye v. Baptist Mem'l Hosp., Inc.*, 507 Fed. App'x 506, 508 (6th Cir. 2012) ("Because Baptist Memorial successfully obtained decertification of the collective action and summary judgment on Frye's claims, it was the prevailing party for purposes of the entire action . . . ."); *Reyes v. Texas Ezpawn*, No. V-03-128, 2007 WL 4530533, at *2 (S.D. Tex. Dec. 19, 2007) ("The costs incurred in the litigation occurred as a result of Ezpawn being required to defend against a collective action, and that was the risk Plaintiff assumed when he filed the lawsuit as such."); *White v. Baptist Mem'l Healthcare Corp.*, No. 08-2478, 2012 WL 3776918, at *5 (W.D. Tenn. Aug. 29, 2012) (holding that the defendant was entitled to costs because it was a prevailing party on both decertification and the merits of the named plaintiff's claims).[4] Therefore, Appellees are "prevailing part[ies]" encompassed by Rule 54(d)(1), and the award of costs complies with it.

### c. Abuse of Discretion

Lastly, Appellants urge that, because the award of costs is inequitable, the District Court abused its discretion. Specifically, they argue that "the high amount sought was attributable to [Appellees'] own unreasonable failure to follow process," that paying the

---

[4] Appellants support their argument by citing to *Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 708 (E.D. La. 2009). However, in *Johnson*, the defendant lost on the merits of two of the three named plaintiffs' claims. *Id.* at 700. This case is not one with "mixed results or a partially prevailing party" and is, therefore, distinguishable from *Johnson*. *Id.* at 708.

full award would cause the Appellants to become indigent, and that they should not be forced to pay costs also attributable to the claims of the unnamed plaintiffs. We disagree.

First, the record shows that the award accounts for costs associated with a would-be production that was demanded and defined *by Appellants*. It also indicates that Appellees openly communicated with Appellants on the particularly high volume of data that would be produced and their inability to review it before the deadline set by the court and that Appellants "refused to join a motion to extend the deadline and refused [Appellees'] request to negotiate more focused search terms and a narrowing of the universe of ESI sources." Brief in in Support of Emergency Renewed Motion for Protective Order at 8, No. 3:09-cv-00025 (W.D. Pa. Dec. 14, 2010), ECF No. 433. Therefore, the District Court did not abuse its discretion in determining that the amount sought is not due to any unreasonable behavior on the part of Appellees.

As to Appellants' second argument, we have held that "if a losing party is indigent or unable to pay the full measure of costs, a district court *may*, but need not *automatically*, exempt the losing party from paying costs." *In re Paoli R.R. Yard PCB Litig.*, 221 F.3d at 464 (emphasis in original). The District Court considered whether Appellants were indigent and determined that the evidence did not support such a finding. The declarations submitted by Appellants with their objections to the award of costs support this conclusion. We also note that even if the District Court found that Appellants are indigent, our holding in *Paoli* is permissive and does not require that a district court automatically exempt an indigent party from costs.

12

Finally, the District Court did not abuse its discretion in taxing costs against the Appellants that were also attributable to the unnamed plaintiffs. Appellants voluntarily chose to bring their claims as a class action, and their counsel presumably informed them of the risks of doing so.

## III. CONCLUSION

For the foregoing reasons, we will affirm the District Court's reinstatement of its denial of Appellant's motion to vacate or reduce the amount of costs awarded to Appellees.