# United States Court of Appeals
## For the Eighth Circuit

_____

No. 14-3799
_____

Chad Lochridge, et al.

*Plaintiffs – Appellees*

v.

Lindsey Management Co., Inc.

*Defendant – Appellant*

_____

Appeal from United States District Court
for the Western District of Arkansas

_____

Submitted: April 12, 2016
Filed: June 2, 2016

_____

Before COLLOTON, SHEPHERD, Circuit Judges, and BOUGH,[1] District Judge.

_____

BOUGH, District Judge.

Chad Lochridge and six other named plaintiffs brought this suit under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, alleging misclassification as exempt employees. On September 26, 2014, a jury returned a

_____

[1] The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

verdict in favor of Lindsey Management Co., Inc., finding the employees had been properly classified. Following the jury trial, the district court denied Lindsey Management's Bill of Costs in its entirety. Lindsey Management now appeals the district court's denial. We conclude that the district court abused its discretion in denying Lindsey Management's Bill of Costs in part because the FLSA is silent as to whether prevailing defendants should recover costs, and we therefore vacate the district court's decision.

I.

Four original plaintiffs filed a collective action against Lindsey Management alleging violations of the FLSA. The district court conditionally certified two classes – Salaried Class and Hourly Class. On December 10, 2013, the Salaried Class was decertified by the district court. The Hourly Class settled all claims against Lindsey Management, and the class members of the decertified Salaried Class continued to pursue their claims.

On September 26, 2014, Chad Lochridge, Everette Lochridge, Twyla Lochridge, Patricia Leach, Carlis Smith, Lydia Smith and Rebecca Smith ("employees") presented their claims against Lindsey Management to a jury, and a verdict was returned in favor of Lindsey Management. On October 10, 2014, Lindsey Management filed its Bill of Costs pursuant to Federal Rule of Civil Procedure 54(d), seeking reimbursement of costs totaling $22,687.51. The employees objected to the Bill of Costs and requested the district court exercise its discretion to deny Lindsey Management's request. The district court denied Lindsey Management's Bill of Costs, indicating that the FLSA statute was remedial in nature and did not indicate defendants should recover costs. The district court held, "Given the remedial nature of the statute and its failure to indicate that defendants should recover costs, it concludes that defendant's Bill of Costs should be denied."

## II.

Lindsey Management challenges the district court's order denying its Bill of Costs under Rule 54(d), and the FLSA, 29 U.S.C. § 216(b). Lindsey Management asserts that the district court abused its discretion by denying its Bill of Costs while failing to articulate appropriate grounds sufficient to overcome the presumption in favor of awarding costs to the prevailing party. "We review the district court's decision [whether] to award costs for abuse of discretion." Martin v. DaimlerChrysler Corp., 251 F.3d 691, 695 (8th Cir. 2001) (citing Greaser v. Mo. Dep't of Corr., 145 F.3d 979, 985 (8th Cir.), cert. denied, 525 U.S. 1056, 119 S. Ct. 620, 142 L.Ed.2d 559 (1998)). "As this case presents an issue of statutory interpretation, our review is de novo." In re Raynor, 617 F.3d 1065, 1069 (8th Cir. 2010) (citing U.S. v. Templeton, 378 F.3d 845, 849 (8th Cir. 2004)).

The taxing of costs is governed by Rule 54(d)(1), which provides in relevant part: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Even if a federal statute does not specifically authorize recovery of costs in a particular case, "Rule 54(d)(1) independently authorizes district courts to award costs to prevailing parties" unless a statute or rule precludes it. Marx v. Gen. Revenue Corp., 133 S. Ct. 1166, 1174 n.5, 185 L. Ed. 2d 242 (2013). The language of § 216(b) of the FLSA provides, "The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." Section 216(b) is silent as to awards of costs to prevailing defendants.

The Supreme Court addressed the issue of statutory silence in Marx v. Gen. Revenue Corp. In Marx, the Court was faced with the question whether § 1692k(a)(3) of the Fair Debt Collection Practices Act ("FDCPA") "provided otherwise" than Rule 54(d)(1). 133 S. Ct. at 1170-71. The Court reasoned that "[b]ecause the Rule [54(d)(1)] grants district courts discretion to award costs, a statute is contrary to the Rule if it limits that discretion." Id. at 1173. The FDCPA

"is silent where bad faith and purpose[ful] harassment are absent," but the Supreme Court reasoned, "silence does not displace the background rule that a court has discretion to award costs." Id. at 1174; also citing 10 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 2670 (3d ed. 1998) (explaining that "permissive" statutes do not remove discretion under Rule 54). "A number of statutes state simply that the court may award costs in its discretion." Id. at 1173 (quoting 10 J. Moore, Moore's Federal Practice § 54.101[1][c], pp. 54–159 (3d ed. 2012)). However, "[s]uch a provision is not contrary to Rule 54(d)(1) and does not displace the court's discretion under the Rule." Id.

Applying this approach, the Court finds nothing contrary to Rule 54(d) in the statute. Section 216(b) is silent regarding the court's authority when the defendant is the prevailing party. Because § 216(b) addresses only an award of costs to a prevailing plaintiff and neither § 216(b) nor any other provision of the FLSA precludes an award of costs to a prevailing defendant, this Court concludes that Lindsey Management is not precluded from collecting its costs incurred. The fact that a prevailing party prosecutes its rights under the Federal Rules of Civil Procedure to an award of costs cannot be seen as chilling the flow of litigation. "Indeed, the very possibility that a losing party will be required to reimburse the prevailing party for its costs should cause parties to litigation to pause and calculate the risks of pursuing meritless or marginal claims." Reger v. The Nemours Found., Inc., 599 F.3d 285, 289 (3d Cir. 2010). "After all, the Rules presume that the prevailing party is entitled to costs." Id. "It is incumbent on an attorney to explain the risks of litigation to his or her client—including the risk that under Rule 54(d)(1) they may have to pay costs should their litigation ultimately prove unsuccessful." Id.

The district court's holding is reversed because, pursuant to Marx, Lindsey Management is entitled to a decision whether its Bill of Costs should be awarded under Rule 54(d)(1) without consideration of the FLSA's silence on the issue of prevailing defendants. Even so, Rule 54(d)(1) provides that costs *should* be awarded to the prevailing party. "Notwithstanding this presumption, the word

'should' makes clear that the decision whether to award costs ultimately lies within the sound discretion of the district court." <u>Marx</u>, 133 S. Ct. at 1172-73; also quoting <u>Taniguchi v. Kan Pacific Saipan, Ltd.</u>, 566 U.S. ____, ____, 132 S. Ct. 1997, 2001, 182 L.Ed.2d 903 (2012) ("Federal Rule of Civil Procedure 54(d) gives courts the discretion to award costs to prevailing parties"). Accordingly, the district court is directed to consider upon remand whether Lindsey Management's Bill of Costs should be awarded.

## III.

For the foregoing reasons, the district court's order denying Lindsey Management's Bill of Costs is vacated, and this case is remanded to the district court for consideration of whether costs should be awarded under Rule 54(d)(1).

_____