# United States Court of Appeals
## For the Eighth Circuit

_____

Nos. 15-1177/15-1428

_____

Evelyn Garrison, et al.

*Appellants/Cross-Appellees*

v.

ConAgra Foods Packaged Foods, LLC, d/b/a ConAgra Foods

*Appellee/Cross-Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas

_____

Submitted: April 12, 2016
Filed: August 15, 2016

_____

Before COLLOTON, SHEPHERD, Circuit Judges, and BOUGH,[1] District Judge.

_____

BOUGH, District Judge.

Evelyn Garrison and ten opt-in Plaintiffs brought this suit against ConAgra Foods Packaged Foods, LLC, d/b/a ConAgra Foods, under the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201-219, alleging misclassification as

_____

[1] The Honorable Stephen R. Bough, United States District Judge for the Western District of Missouri, sitting by designation.

exempt employees and unpaid overtime. Plaintiff Garrison and nine of the opt-in Plaintiffs appeal the district court's[2] grant of summary judgment. One Plaintiff, Ruben Garcia, was dismissed prior to the grant of summary judgment. ConAgra cross-appeals the district court's denial of costs. We conclude that ConAgra is entitled to judgment as a matter of law on both the federal and state law claims and affirm the district court's grant of summary judgment. A prevailing FLSA defendant is not precluded from recovering costs as a result of Federal Rule of Civil Procedure 54(d) and the silence in 29 U.S.C. § 216(b). Therefore, we vacate the district court's denial of ConAgra's motion for costs. This case is remanded to the district court to consider whether ConAgra's costs should be awarded pursuant to Rule 54(d) and whether costs should be assessed against Plaintiff Garrison and ten opt-in Plaintiffs jointly and severally.

I.

Evelyn Garrison brought this action against her former employer, ConAgra, seeking to recover unpaid overtime under the FLSA and the AMWA. Garrison asserted a collective action under the FLSA and a class action under the AMWA. The district court conditionally certified the collective action, and ten other employees – Elbie Cannon, Aidet Elias, Tracy Emery, Ruben Garcia, David B. George, Christopher Johnson, Kyle Moss, Tonia Orndorff, Lane A. Scott, and Chris A. Williams – opted in to the action. Plaintiff Garrison and the ten opt-in Plaintiffs alleged ConAgra failed to properly compensate them for work performed as a result of ConAgra's classification of them as exempt from the minimum wage and overtime provisions of the FLSA and the AMWA.

The parties concede that the first three prongs of the four-prong executive exemption were met. With respect to the fourth prong, the parties also concede Plaintiffs did not have authority to hire or fire employees. Thus, to qualify for an executive exemption, ConAgra must show, in accordance with the second clause of

---

[2] The Honorable Susan Webber Wright, United States District Judge for the Eastern District of Arkansas.

the fourth prong, that Plaintiffs' "suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees [were] given particular weight." 29 C.F.R. § 541.100(a)(4). The parties agree that the standards for executive exemption are the same under both the FLSA and the AMWA. See Helmert v. Butterball, LLC, 805 F. Supp. 2d 655, 663 n.8 (E.D. Ark. 2011).

ConAgra sought summary judgment on its claim that Plaintiff Garrison and the nine opt-in Plaintiffs were employed in a bona fide executive capacity and not entitled to overtime compensation. The district court found Plaintiffs were each employed by ConAgra in a salaried position as a "Team Leader" and were tasked with monitoring the performance and behavior of the hourly employees, and identifying rules violations and poor work performance. The district court further found Plaintiffs had authority to reassign or recommend temporary reassignment of employees and to recommend discipline which, if agreed to by management, resulted in a change of status. The district court granted summary judgment in favor of ConAgra and found the executive exemption to the FLSA and the AMWA applied to Plaintiffs.

ConAgra timely filed its motion for costs totaling $15,684.35 to be assessed against Plaintiff Garrison and all ten opt-in Plaintiffs jointly and severally. Plaintiffs argued the FLSA does not authorize an award of costs to a prevailing defendant, and even if it did, the FLSA's broad remedial purpose justified a district court's exercise of discretion to deny an award of costs. The district court reasoned that due to the uncertainty within the federal district courts in Arkansas as to awards of costs to prevailing FLSA defendants, ConAgra's motion for costs should be denied. The district court explained, "ConAgra has not cited any binding authority on the question of whether a prevailing defendant can recover costs under the FLSA and the parties' joint proposed notice that was approved by the Court did not include language informing potential opt-in plaintiffs that they may be liable for costs should ConAgra prevail." The district court concluded, "Given these circumstances, the Court will not assess costs against the plaintiffs." Alternatively, the district court

- 3 -

held that if the Eighth Circuit determined ConAgra was entitled to an award of costs, the amount of $15,684.35 sought by ConAgra was necessarily incurred and should be assessed against Plaintiff Garrison and ten opt-in Plaintiffs jointly and severally.

## II.

Plaintiff Garrison and nine of the opt-in Plaintiffs challenge the district court's grant of summary judgment on appeal, arguing a genuine issue of material fact existed regarding the applicability of the fourth prong of the executive exemption to the FLSA and the AMWA. "We review a district court's grant of summary judgment de novo." Beauford v. ActionLink, LLC, 781 F.3d 396, 401 (8th Cir. 2015) (citing Copeland v. ABB, Inc., 521 F.3d 1010, 1012 (8th Cir. 2008)). Summary judgment is appropriate when the evidence, viewed in the light most favorable to the nonmoving party, presents no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(c); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Although we view the facts and inferences in the light most favorable to Plaintiffs, the non-moving parties, they have the obligation to come forward with specific facts showing that there is a genuine issue for trial. See Matsushita, 475 U.S. at 586–87.

Pursuant to 29 U.S.C. § 213(a)(1), the FLSA's overtime pay requirements "shall not apply with respect to … any employee employed in a bona fide executive, administrative, or professional capacity[.]" The Court "determine[s] whether an employee meets the executive exemption by applying Department of Labor regulations." Madden v. Lumber One Home Ctr., Inc., 745 F.3d 899, 903 (8th Cir. 2014) (citing Fife v. Bosley, 100 F.3d 87, 89 (8th Cir. 1996)). An executive employee is defined by the Department of Labor as follows:

> (a) The term 'employee employed in a bona fide executive capacity' in section [2]13(a)(1) of the Act shall mean any employee:

(1) Compensated on a salary basis at a rate of not less than $455 per week (or $380 per week, if employed in American Samoa by employers other than the Federal Government), exclusive of board, lodging or other facilities;

(2) Whose primary duty is management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof;

(3) Who customarily and regularly directs the work of two or more other employees; and

(4) Who has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight.

29 C.F.R. § 541.100; see also Madden, 745 F.3d at 903. The parties do not dispute that the first three factors were satisfied. At issue in this case is whether Plaintiff Garrison and the nine opt-in Plaintiffs were employees "whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." Id.

The Department of Labor defines "particular weight":

To determine whether an employee's suggestions and recommendations are given "particular weight," factors to be considered include, but are not limited to, whether it is part of the employee's job duties to make such suggestions and recommendations; the frequency with which such suggestions and recommendations are made or requested; and the frequency with which the employee's suggestions and recommendations are relied upon. Generally, an executive's suggestions and recommendations must pertain to employees whom the executive customarily and regularly directs. It does not include an occasional suggestion with regard to the change in status of a co-worker. An employee's suggestions and recommendations may still be deemed to have "particular weight" even if a higher level manager's recommendation has more importance and even if the employee does not have authority to make the ultimate decision as to the employee's change in status.

- 5 -

29 C.F.R. § 541.105. In <u>Madden</u>, this Court found that "[a]fter looking at the different factors [other] courts used to find the fourth element satisfied, including the offering of personnel recommendations that were acted upon by managers, involvement in screening applicants for interviews, and participation in interviews, among others, it is apparent that many different employee duties and levels of involvement can work to satisfy this fourth element." 745 F.3d at 904. Demonstrating that the purported executives' input into personnel decisions were given particular weight can be established by showing "that the purported executives' input had more influence than hourly employee'[s] input." <u>Id</u>. at 906.

In this case, according to Plaintiff George's deposition testimony, Plaintiffs' recommendations regarding whether to discharge or retain a probationary employee were given particular weight because Plaintiffs were told to appraise performance and report good or poor performance from a probationary employee to a manager. The evidence showed that Plaintiffs Garrison and Moss recommended the discharge of probationary employee, Robert French, and French was not retained. Regarding promotions and demotions, Plaintiff Elias testified that Team Leaders would evaluate employees and give feedback as to whether they could do their job, and if not, they would be demoted to their former positions. Plaintiffs Cannon and Moss testified similarly. Specifically, as noted by the district court, Plaintiffs Elias, Moss, and Orndorff each disqualified employees that were subsequently demoted as a result. Plaintiff George testified that Team Leaders were able to fill temporary vacancies by moving someone from one classification to another and by managing the scheduling of hourly employees within their areas. Lastly, each Plaintiff testified that she/he recommended discipline, and management followed those recommendations. Each of the Plaintiffs testified that management followed the recommendations most, if not all, of the time.

We conclude that the undisputed facts regarding Plaintiff Garrison's and the nine opt-in Plaintiffs' involvement "in at least one personnel decision," if not more,

show that these employees were working in an executive capacity and are exempt from the FLSA overtime pay requirements. See Madden, 745 F.3d at 908. The Court agrees with the district court's conclusion, based on the evidence presented and without consideration of contradictory declarations or affidavits,[3] that Plaintiffs were employed in a bona fide executive capacity and are exempt from the FLSA and the AMWA overtime pay requirements. Plaintiffs failed to satisfy their obligation to create a genuine issue of material fact for a jury. See Matsushita, 475 U.S. at 586–87. Accordingly, the district court's grant of summary judgment is affirmed.

## III.

ConAgra challenges the district court's order denying its motion for costs pursuant to Rule 54(d)(1) and 28 U.S.C. § 1920. ConAgra asserts that the district court erred in its conclusion that costs are not available to prevailing FLSA defendants and in its denial of ConAgra's motion for costs. "We review the district court's decision [whether] to award costs for abuse of discretion." Martin v. DaimlerChrysler Corp., 251 F.3d 691, 695 (8th Cir. 2001) (citing Greaser v. Mo. Dep't of Corr., 145 F.3d 979, 985 (8th Cir. 1998), cert. denied, 525 U.S. 1056, 119 S. Ct. 620, 142 L.Ed.2d 559 (1998)). "As this case presents an issue of statutory interpretation, our review is de novo." In re Raynor, 617 F.3d 1065, 1069 (8th Cir. 2010) (citing U.S. v. Templeton, 378 F.3d 845, 849 (8th Cir. 2004)).

---

[3] The district court notes Plaintiffs provided declarations that were contradictory to earlier deposition testimony. Specifically, Plaintiff George's declaration testimony regarding the ability to identify the need for employees to work overtime and to schedule hourly employees for an increase or decrease in hours, Plaintiff George's testimony concerning which employee handled the scheduling for the sanitation department, and testimony from several other Plaintiffs regarding probationary employees were found to be contradictory evidence. The district court, citing Lykken v. Brady, held that "a party cannot defeat summary judgment by submitting an affidavit or declaration contradicting his or her earlier deposition testimony[.]" 622 F.3d 925, 933 (8th Cir. 2010). We agree with the district court's conclusion and will not consider any testimony presented in an effort to contradict earlier testimony.

We recently held in <u>Lochridge v. Lindsey Mgmt. Co., Inc.</u>, that a prevailing FLSA defendant is not precluded from recovering costs under Rule 54(d) because § 216(b) is silent on the issue of prevailing FLSA defendants. 14-3799, 2016 WL 3094020, at *2 (8th Cir. June 2, 2016). We find the <u>Lochridge</u> holding applies equally to this matter. "Because § 216(b) addresses only an award of costs to a prevailing plaintiff and neither § 216(b) nor any other provision of the FLSA precludes an award of costs to a prevailing defendant," we conclude ConAgra is not precluded from collecting its costs incurred. <u>Id</u>.

## IV.

For the foregoing reasons, the district court's grant of summary judgment is affirmed, and the district court's order denying ConAgra's motion for costs is vacated. This case is remanded to the district court for consideration of whether costs should be awarded under Rule 54(d)(1) against Plaintiff Garrison and the ten opt-in Plaintiffs jointly and severally.

_____