NONPRECEDENTIAL DISPOSITION

To be cited only in accordance with FED. R. APP. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted August 30, 2022[*]
Decided August 31, 2022

**Before**

DIANE S. SYKES, *Chief Judge*

ILANA DIAMOND ROVNER, *Circuit Judge*

DIANE P. WOOD, *Circuit Judge*

No. 21-1859

| | |
|---|---|
| TIMOTHY MILLIKAN, *Plaintiff-Appellant,* | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:19-cv-04219-MPB-TWP |
| TOWN OF INGALLS, *Defendant-Appellee.* | Matthew P. Brookman, *Magistrate Judge.* |

**O R D E R**

Timothy Millikan, who managed the Town of Ingalls, Indiana, for three years, appeals the summary judgment for the Town on his claim under the Fair Labor Standards Act. After being fired, Millikan sued his employer for overtime pay for hours

---

[*] We have agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

worked in excess of 40 per week when he was "on call." But a magistrate judge correctly determined that Millikan was an executive employee and thus exempt from the Act's overtime-pay requirements. We therefore affirm.

We review the facts in the light most favorable to Millikan, as the party who challenges summary judgment. *See Blanchar v. Standard Ins. Co.*, 736 F.3d 753, 756 (7th Cir. 2013). In 2015 the Ingalls town council hired Millikan to serve as Town Manager. In his words (in his district-court brief), he was "responsible for the [Town's] efficient operation" and his job involved supervising and scheduling work for staff, interviewing (and making hiring recommendations about) two applicants, planning the budget, and supervising and working alongside street and park staff. The employment agreement, which described Millikan as the Town's "chief executive officer," required him always to be "on call" for emergencies.

Three years into his position, Millikan reported a coworker for harassing him and for misusing public resources. Shortly after, the council fired Millikan; a member testified in this case that Millikan had become uncooperative with the council.

Millikan, who was represented by counsel in the district court but is pro se on appeal, sued the Town for violating the Fair Labor Standards Act, 29 U.S.C. § 207(a)(1), by failing to pay him overtime wages for his time spent "on call." He also raised state-law claims. Eventually, both parties moved for summary judgment.

As relevant here, the Town argued that Millikan was exempt from the Act's overtime-pay rules as a "bona fide executive" employee. A magistrate judge, presiding by consent under 28 U.S.C. § 636(c),[1] agreed with the Town and entered judgment on Millikan's unpaid-overtime claim. Citing the evidence that the council gave particular weight to Millikan's hiring recommendations, the magistrate judge rejected Millikan's argument that he was not an executive because he had no hiring or firing authority. The magistrate judge then relinquished supplemental jurisdiction over the remaining state-law claims. *See* 28 U.S.C. § 1367(c)(3).

As an initial matter, we decline the Town's request to dismiss Millikan's appeal because his pro se brief "lack[s] any cogent argument." *See* FED. R. APP. P. 28(a). We

---

[1] Neither party addressed the magistrate judge's authority to enter a dispositive ruling in their jurisdictional statements. But we have confirmed that the parties jointly consented to it under Rule 73(b)(1) of the Federal Rules of Civil Procedure.

construe pro se briefs liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Ebmeyer v. Brock*, 11 F.4th 537, 542 n.4 (7th Cir. 2021). Though Millikan's brief is short on legal authority, we can discern a general argument that he is not an executive under the Act. This would make him subject to the mandate that employees receive an increased rate of pay for a workweek longer than 40 hours. *See* 29 U.S.C. § 207(a)(1).

To prove that Millikan was an exempt executive, the Town needed to show that (1) he met a weekly average salary; (2) his primary duty was to manage the Town's operations; (3) he regularly directed other employees' work; and (4) he had authority to hire and fire employees or, at least, his hiring and firing suggestions were given "particular weight." 29 C.F.R. § 541.100(a); *Emmons v. City of Chesapeake*, 982 F.3d 245, 256 (4th Cir. 2020).

Millikan first argues that the magistrate judge overlooked Millikan's testimony that he often performed manual labor for the street department. The Town responds that Millikan waived this contention by failing to raise it in the district court, but it does not matter: Millikan's *primary* duty was managerial. He testified at his deposition, and attested before summary judgment, that he was "responsible for the efficient operation of the Town," and he described duties that are named in the regulations' definition of "managerial"—i.e., interviewing applicants, directing employees' work, and planning the budget. *See* 29 C.F.R. § 541.102. That Millikan concurrently performed nonmanagerial work—unsurprising in the context of a small town's government—does not disqualify him from exempt status because even when he performed street work, he was "responsible for the success or failure of [the Town's] operations." *Id*. § 541.106. His role as the "chief executive officer" was thus primary to whatever manual labor he performed to keep the Town running smoothly. *See id*. § 541.700 (defining "primary duty"); *see also Emmons*, 982 F.3d at 255–56 (applying an exemption to fire department chiefs who both managed the department and fought fires).

As to Millikan's authority over personnel decisions, he emphasizes that the council made all hiring decisions, and he disagrees that the council gave "particular weight" to his recommendations. But an employee's recommendations can be said to have "particular weight" even if the input of someone at a higher level carries more importance. 29 C.F.R. § 541.105. Millikan's role required him to interview applicants and make hiring recommendations, and he testified that "at least part of the time" the council followed his recommendations. Our sample size is small: Millikan made only two recommendations, and the council followed one. *Id.*; *see also Garrison v. ConAgra Foods Packaged Foods, LLC*, 833 F.3d 881, 886 (8th Cir. 2016) (applying an exemption to

"team leader" employees whose firing recommendations were adopted). But hiring influence is just one of many factors we consider under 29 C.F.R. § 541.100(a); therefore, to the extent this factor could be said to support Millikan's argument, it does not overpower the stronger evidence that he was a manager.

Millikan's arguments that he should have been paid overtime wages for being "on call" are insufficient to dispute the Town's evidence about the primary nature of his job. Other arguments, including that he is a protected "whistleblower," pertain to the state-law claims, but he does not challenge the magistrate judge's decision to relinquish supplemental jurisdiction.

AFFIRMED