**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2971
_____

JEAN COULTER,
                              Appellant

v.

PAUL LAURENCE DUNBAR COMMUNITY CENTER;
GRACE YOUTH AND FAMILY FOUNDATION; CATHERINE DONNELLY; HEATHER D.
DOVENSPIKE; DOUGLAS FROST; ROBERT PATER; WILLIAM M. HALLE; JOHN J.
WISE, III; DOUGLAS FROST; LEEANN MEALS; ROBERT PATER; MATTHEW PEROTTI;
CLARICE SHAY; ERIC WEIMER; LOUISE BAULDAUF; JENNIFER LINN; JENNIFER
LINN & ASSOCIATES; MIN OFFSTEIN; LORRAINE J. DIDOMENICO; JOYCE
KLARA; UNKNOWN BOARD MEMBER EMPLOYED BY BUTLER AREA SCHOOL
DISTRICT; UNKNOWN BOARD MEMBER
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 2:16-cv-00125)
District Judge:  Honorable Arthur J. Schwab
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 18, 2022
Before: RESTREPO, PHIPPS and RENDELL, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 20, 2022)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

PER CURIAM

Pro se appellant Jean Coulter appeals from an order of the United States District Court for the Western District of Pennsylvania that granted the defendants' amended motion for taxation of costs. For the following reasons, we will affirm.

In 2016, Coulter filed a complaint raising claims related to a $50,000 loan that she made the Paul Laurence Dunbar Community Center ("the Dunbar Center" or "the Center"). Shortly after Coulter filed the complaint, the Dunbar Center made an offer of judgment for $59,000 under Federal Rule of Civil Procedure 68, (ECF 2), which Coulter did not accept. After years of litigation, the District Court entered a final order, granting in part a motion for summary judgment filed by the three remaining defendants: the Dunbar Center, the Center's Executive Director, Catherine Donnelly, and the Grace Youth and Family Foundation ("the GYFF"). In particular, the District Court held that those defendants were not liable for fraudulent inducement, but it concluded that the Dunbar Center breached its contract and granted judgment in favor of Coulter in the amount of $50,000. (ECF 310 & 311.) Coulter appealed, and we affirmed the District Court's judgment. See Coulter v. Paul Laurence Dunbar Cmty. Ctr., No. 21-1164, 2021 WL 2838379 (3d Cir. July 8, 2021) (per curiam) (not precedential).

Thereafter, the defendants filed in the District Court an amended motion for taxation of costs, seeking $3687.90 under Federal Rules of Civil Procedure 54 and 68.[1]

---

[1] The District Court had denied without prejudice the first such motion – which had been filed shortly after entry of the final order – because the defendants "fail[ed] to inform the

2

(ECF 346.) Coulter responded to that motion, arguing that the defendants had "unclean hands" because they engaged in fraud during the litigation, that the defendants sought double payment for certain copying costs, that the defendants' insurance coverage had already reimbursed them for the costs, that the Dunbar Center alone can recover costs because only it (not Donnelly or the GYFF) made the offer of judgment, and that the offer of judgment was fraudulent because the Dunbar Center did not have $59,000 at the time that the offer was made. (ECF 351 & 352.) The defendants filed a reply. (ECF 353.) The District Court granted the defendants' motion, directing Coulter to pay the Dunbar Center $2960.25.[2] Coulter v. Paul Laurence Dunbar Cmty. Ctr., No. 16-00125, 2021 WL 5047800, at *7 (E.D. Pa. Aug. 25, 2021). Coulter filed a motion to amend the judgment (ECF 359), which the District Court denied. (ECF 361.) Coulter appealed.[3] (ECF 362.)

The District Court properly granted the defendants' amended motion for taxation of costs. Federal Rule of Civil Procedure 54(d)(1) creates a strong presumption that costs

---

Court exactly what is the dollar amount [they] currently opine they are entitled to from Plaintiff." (ECF 335, at 4.)

[2] The difference between the amount sought by the defendants and the amount awarded was based on the District Court's conclusion that not all the requested costs were authorized under Rule 54 and Rule 68. See 28 U.S.C. § 1920 (enumerating expenses that may be taxed as costs).

[3] We have jurisdiction under 28 U.S.C. § 1291. See Reger v. The Nemours Foundation, Inc., 599 F.3d 285, 287 (3d Cir. 2010). We review the decision to impose costs for abuse of discretion. See id.; see also City of San Antonio, Tex., v. Hotels.com, L.P., 141 S. Ct. 1628, 1636 (2021).

3

are to be awarded to a prevailing party.  See In re Paoli R.R. Yard PCB Litig., 221 F.3d 449, 462 (3d Cir. 2000).  Here, Donnelly and the GYFF were entitled to costs under Rule 54(d)(1) because they prevailed against Coulter's fraudulent inducement claim.  In addition, "[u]nder Rule 68(d), if a defendant makes a settlement offer, and the plaintiff rejects it and later obtains a judgment that is less favorable than the one offered her, the plaintiff must pay the costs incurred by the defendant after the offer was made."  Marx v. Gen. Revenue Corp., 568 U.S. 371, 375 n.2 (2013).  The Dunbar Center was entitled to costs under Rule 68(d) because it made an unambiguous offer of judgment of $59,000, which Coulter rejected, and that offer exceeded the $50,000 she was later awarded for her breach of contract claim.

Coulter complains that the defendant's "initial calculations" of the costs included a request for reimbursement of $500 in filing fees that she had paid for an appeal in this Court.  Appellant's Br., 14.  Although the defendants' amended motion for taxation of costs did include as an attachment a receipt for the filing fee (ECF 346-2, at 4), they later explained that inclusion of the receipt was an "administrative error" that was corrected with an "updated itemization."  (ECF 353, at 1-2.)  The District Court explained that its calculation of costs did not including the filing fee, holding that the defendants were entitled to costs related to only the following categories:  (1) printing/copy costs; (2) postage/courier costs; and (3) deposition transcripts/court reporter appearance fees.  Coulter, 2021 WL 5047800, at *6 & n.2.  Coulter has not demonstrated that her filing fee was part of the costs that the District Court awarded to the defendants.

She also challenges the District Court's "determin[ation] that there was … no misconduct when Appellees' Counsel … 'accidentally' double-billed for 3 additional invoices." Appellant's Br., 14. Coulter has not identified those invoices, however. To the extent that she is referring to a $131 charge by NexTier Bank for costs associated with responding to a subpoena for records, the District Court properly explained that Coulter was not charged twice. Instead, the $131 expense simply appears on two separate documents submitted in support of the motion for costs. Coulter, 2021 WL 5047800, at *6.

Coulter also asserts that the defendants are not entitled to costs because they engaged in "significant misconduct" during the summary judgment proceedings by, for instance, committing perjury and presenting "clearly forged" documents. Appellant's Br., at 15-17. But the District Court's summary judgment decision is beyond the scope of this appeal and Coulter's suggestion that the defendants engaged in misconduct is purely speculative. Finally, Coulter challenges the award of costs on the basis that the District Judge was not impartial. For example, she argues that Judge Schwab has shown "extreme bias," has "impose[d] his whims upon the Parties," and has "a published history of extensive abuse of authority."[4] Appellant's Br., 2, 3, 6. As support for these

<hr>

[4] We note that in one of her responses to the motion for taxation of costs, Coulter sought the recusal of Judge Schwab. (ECF 352.) The District Court denied that motion in a separate order. (ECF 358). Although the District Court's consideration of Coulter's motion to amend included a discussion of its order denying recusal, as well as an order rejecting a motion for sanctions filed by Coulter, she has not raised claims related to those orders in her brief, so we do not consider them. See M.S. by & through Hall v.

5

assertions, Coulter mainly relies on a March 4, 2016 text order requiring that she register to file documents electronically. Appellant's Br., 20-29. She also vaguely references other adverse rulings in the underlying proceedings. Id. at 29 ("the [March 4, 2016] Scheduling Order was only the first overt display of [b]ias by Judge Schwab, and the fact that the District Court subsequently, repeatedly, chose to again produce similarly blatantly biased determinations … should not come as any surprise …."). Even if Coulter had clearly identified those decisions, however, we see no indication whatsoever of prejudice or bias. See Liteky v. United States, 510 U.S. 540, 555 (1994) (recognizing that adverse legal rulings are not proof of prejudice or bias).

For the foregoing reasons, we conclude that the District Court did not abuse its discretion in granting the defendants' amended motion for taxation of costs.[5] Accordingly, we will affirm the District Court's judgment.

---

Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir. 2020) (holding that claims were forfeited where appellant failed to raise them in her opening brief).

[5] We also conclude that the District Court did not abuse its discretion in denying Coulter's Rule 59(e) motion because she did not set forth grounds for reconsideration, such as an intervening change in controlling law, new evidence, or a need to correct a clear error of fact or law or prevent manifest injustice. See Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010) (per curiam).